703 So.2d 800 (1997)
Judy WALLS, James E. Walls, Kathy W. Hoffpauir, Brenda W. Hebert and Michael Walls.
v.
AMERICAN OPTICAL CORPORATION, et al.
No. 96-C-1000.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
Rehearing Denied January 20, 1998.
Joseph M. Bruno, David S. Scalia, Bruno & Bruno, New Orleans, for Plaintiffs Judy Walls, et al.
Michael T. Cali, John J. Hainkel, III, Greg A. Pellegrini, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Defendant Owens Corning.
James M. Garner, Martha M. Young, Deirdre C. McGlinchey, McGlinchey Stafford, New Orleans, for Century Indemnity Insurance Company, as Successor to CCI Insurance *801 Company, Successor to Insurance Company of North America.
J. Burton LeBlanc, IV, Cameron R. Waddell, Mickey P. Landry, Sandra A. Jelks, Frank J. Swarr, L. Dawn Smith, LeBlanc, Maples & Waddell, LLC, New Orleans, for Amicus Curiae on Behalf of Similarly Situated Plaintiffs.
James J. Morse, New Orleans, for Amici Curiae The Executive Officers of Land & Marine Applicators, Inc., and Coastal Coatings, Inc.
Robert H. Urann, Nancy Picard, Robein, Urann & Lurye, Metairie, for Amicus Curiae The Louisiana State Building and Construction Trades Council, AFL-CIO.
Mary L. Dumestre, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for Amicus Curiae London Market Insurers.
Before BOWES, WICKER and DALEY, JJ.
BOWES, Judge.
This case arises from events taking place in the 1960's which plaintiffs allege resulted in the death of George Walls. From 1964-1970, Mr. Walls was employed as a sandblaster for Land & Marine Applicators Inc. and Coastal Coatings, Inc., both owned and operated by John "Red" Loerwald. Plaintiffs allege that during that period of employment, Mr. Walls suffered exposure to silica dust created during sandblasting and that due to the negligence of his employer and its failure to protect him from such exposure, he developed silicosis. Mr. Walls died of the disease on March 17, 1995.
Judy Walls, his surviving spouse ("Walls"), and their children filed an action for damages against certain manufacturers and sellers of safety equipment, as a survival action and an action for wrongful death; in supplemental and amending petitions, the "executive officers" of Land & Marine Inc. and Coastal Coatings, insured by Century Indemnity ("Century"), were added as defendants. Century filed exceptions and an alternative motion for partial summary judgment on the grounds that plaintiffs are barred from bringing a cause of action for wrongful death due to the exclusivity provisions of the worker's compensation statute, La. R.S. 23:1032, which became effective on October 1, 1976.
A hearing was held on the exceptions, at which time the trial court denied the exception of no cause of action as to the wrongful death claim. Century filed an application for writs in this Court. A panel of this Court refused Century's application for writs, based on an earlier writ refusal on the exact same issues in Alfred Adams v. Metropolitan Life Insurance Company, 94-C-834 (La.App. 5 Cir. 12/2/94), writs denied, 94-CC-3165, 648 So.2d 1345 (La.1/13/95). Century filed an application for supervisory writs to the Supreme Court; the Supreme Court then granted Century's writ application and remanded the matter to this Court for briefing, argument, and full opinion.
No reasons for judgment made the subject of this writ were provided in the writ application.

ANALYSIS
Plaintiffs rely on the Supreme Court case of Cole v. Celotex Corp., 599 So.2d 1058 (La.1992), wherein the Supreme Court considered the issue of whether to apply precomparative fault law in a tort suit filed by three workers against the executive officers of their employer. The employees suffered from injuries caused by long-term exposure to asbestos, and at trial the jury found that nine of the executive officers were negligent in failing to provide plaintiffs with a safe workplace in every year from 1945-1976. The court in Cole, supra, found:
... the key relevant events giving rise to a claim in long-latency occupational disease cases are the repeated tortious exposures resulting in continuous, on-going damages, although the disease may not be considered contracted or manifested until later. We further conclude that when the tortious exposures occurring before Act 431's effective date are significant and such exposures later result in the manifestation of damages, pre-Act law applies.
Therefore, the court held that pre-comparative fault law should apply. From Cole, supra, plaintiff urges that all causes of action *802 involving asbestosis claims require the application of the "tortious exposures" testthat is, that the law applicable in such cases is the existing law at the time of the initial significant exposures. Plaintiff claims that the preCole cases cited by defendant have been abrogated by that Supreme Court opinion, and that there is nothing in Cole to suggest that the reasoning therein should not apply to wrongful death actions. We are referred to Coates v. A.C. and S., Inc., 844 F.Supp. 1126 (E.D.La.1994), in which Judge Charles Schwartz reached this same conclusion.
After much consideration of the law and the jurisprudence, both preCole and postCole, we have concluded that under the circumstances of the present case, plaintiffs have not stated a cause of action for wrongful death, for the following reasons.
There is a material difference between the wrongful death action and the survival action. Although both actions arise from a common tort, survival and wrongful death actions are separate and distinct. Guidry v. Theriot, 377 So.2d 319 (La.1979). Each right arises at a different time and addresses itself to the recovery of damages for totally different injuries and losses. Taylor v. Giddens, 618 So.2d 834 (La.1993).
According to La. C.C. art. 2315.1, when a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person or his property caused by the offense or quasioffense shall survive for a period of one year from the death of the deceased in favor of the surviving spouse or children, the surviving parent, or the surviving siblings. The right to bring this cause of action is heritable and may be urged by the decedent's succession representative in the absence of any class of beneficiary delineated above. La. C.C. art. 2315.2 provides for a wrongful death action in favor of the surviving spouse, children, etc. for damages sustained by them as a result of the death of the victim; this right is also heritable.
The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. It is in the nature of a succession right.
* * * * * *
On the other hand, the wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries which they suffer from the moment of the victim's death and thereafter. Guidry v. Theriot, supra. Wrongful death damages compensate beneficiaries for their own injuries.

Taylor, supra, at p. 840. [Emphasis supplied].
The Taylor court continued to distinguish between the two actions.
... the survival action, which is a derivative of the malpractice victim's action, is linked to the inception of the tortious act, omission or neglect. The action is based upon the victim's right to recovery being transferred by operation of law to the beneficiary...
From its inception, the [wrongful death] action exists only in favor of the victim's beneficiaries. Guidry v. Theriot, supra... Further, wrongful death actions are not dependent upon the victim having a viable malpractice action. The date of the malpractice victim's death determines when the prescriptive period commences running, as that is the date the claimants are injured.

Taylor, supra, at p. 841. [Emphasis supplied].
Later, in Brown v. Drillers, Inc., 630 So.2d 741 (La.1994), the Supreme Court stated:
The tort victim's personal injury action arises simultaneously with the claimed tortious occurrence and compensates for those injuries which are peculiar and personal to the tort victim. Guidry, supra; Knight v. Samuel, 447 So.2d 587 (La.App. 3d Cir.), writ denied, 449 So.2d 1349 (La. 1984). In stark contrast, the beneficiaries' wrongful death action, by definition, comes into existence upon the tort victim's death and `serves to compensate a legislatively created class of persons for the loss *803 occasioned by the wrongful killing of the decedent.' Knight, 447 So.2d at 593-94; Daigle, 613 So.2d at 623 (citing Guidry, supra). The beneficiaries' action encompasses their damages suffered from the moment of the tort victim's death and thereafter. Taylor, 618 So.2d at 840; Guidry, 377 So.2d at 322. The beneficiaries' action compensates them for their own personal losses, both economic and emotional, suffered as a result of the tort victim's death. Williams, 611 So.2d at 1387.
In Cole, the Supreme Court stated:
Under Louisiana law, a cause of action accrues when the party has the right to sue. (`[t]he cause of action is the state of facts which gives a party a right to judicially assert an action against the defendant'); For a negligence cause of action to accrue, three elements are required: fault, causation and damages. Thus, a sine qua non for accrual of a cause of action is damages.
(Citations omitted)
Cases decided prior to Cole found that even in long term exposure cases, the action for wrongful death arose at the time of the death itself. See e.g., Smith v. Hurd, 408 So.2d 357 (La.App. 1 Cir.1981); Holmes v. Pottharst, 438 So.2d 622 (La.App. 4 Cir. 1983).
Cole involved employees'/plaintiffs' personal injury actions. The present case involves, for purposes of this writ application, the wrongful death action filed by Mr. Walls' surviving spouse and children. Their cause of action arose upon the death of Mr. Walls in 1995. Prior to that time plaintiffs could not have suffered damages as a result of the death of their husband and father.
Plaintiffs' wrongful death action, which arose in 1995 and was filed in 1996, arose well after the passage of the exclusivity provisions of La. R.S. 23:1032, which became effective on October 1, 1976, and was thus barred at the time it was filed. Therefore, the trial court erred in denying the exception of no cause of action filed by relators herein.
The writ application is granted and the trial court is instructed to enter judgment in favor of the relators herein, granting the exception of no cause of action regarding the claim of wrongful death.
WRIT GRANTED. CASE REMANDED WITH INSTRUCTIONS.