703 So.2d 763 (1997)
Dorothy Reed GAUTHE, et al.
v.
ASBESTOS CORPORATION LIMITED, et al.
No. 97-CA-656.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
Rehearing Denied January 20, 1998.
*764 J. Burton LeBlanc, IV, Cameron R. Waddell, Mickey P. Landry, Sandra A. Jelks, Frank J. Swarr, L. Dawn Smith, LeBlanc, Maples & Waddell, LLC, New Orleans, Robert G. Creely, Jacob J. Amato, Jr., Stephen C. Grefer, Amato & Creely, Gretna, for Plaintiffs/Appellants.
Peter Kraus, Elizabeth Rose Schick, David Denny, Baron & Budd, P.C., Dallas, TX, Amicus Brief by Attorneys, for Plaintiffs.
Robert H. Urann, Nancy Picard, Robein, Urann & Lurye, Metairie, Amicus Brief by Attorneys, for Louisiana State Building and Construction Trade Council, AFL-CIO.
Michael T. Cali, John J. Hainkel, Greg A. Pellegrini, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, for Defendant Owens Corning.
Samuel M. Rosamond, III, Fleming & Rosamond, L.L.P., Metairie, for Commercial Union Ins. Company.
Robert E. Caraway, Plauche, Maselli & Landry, New Orleans, for American Motorists Ins. Company.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises in a suit against multiple defendants for a death resulting from asbestos-related disease. The decedent, Earlven Gauthe, worked at Avondale Shipyards from 1942 to 1977. In 1995 he was diagnosed with malignant mesothelioma, a form of cancer, resulting from exposure to asbestos fibers. He died in 1996. After his death his wife and children filed a suit for wrongful death against the Avondale executive officers and their insurer (hereafter "the Avondale Interests"), as well as other defendants not before us on this appeal (manufacturers *765 and suppliers of asbestos and related products and their insurers).[1]
The Avondale Interests filed an exception of no cause of action as to the wrongful death claim, asserting that plaintiffs' exclusive remedy is in workers' compensation.[2] The trial court maintained the exception. Plaintiffs and one of the defendants, Owens-Corning, have appealed.
On appeal plaintiffs contend the trial court erred in granting a partial exception of no cause of action because it does not address all claims raised in the suit. Further, they argue the law in effect at the time of decedent's exposure applies to their wrongful death action and would allow them to maintain an action in tort against the executive officers for negligence. In addition, plaintiffs maintain they have stated a cause of action for intentional tort, which would allow their action to be maintained under the intentional act exception to the exclusive remedy provision of La. R.S. 23:1032.
Alternatively, if this Court affirms the ruling that they have failed to state a cause of action, they assert they should be allowed leave to amend their petition to state a cause of action.
Unlike the plaintiffs, Owens Corning does not argue that the trial court was prohibited from ruling on the exception, but merely that the court erred in granting it. Owens Corning asserts that the law applicable to a wrongful death claim is the law in effect at the time of the delict(s) which ultimately caused the death of the plaintiffs' decedent. Thus, Owens Corning argues, the pre-1976 law allowing suits against executive officers is applicable and plaintiffs have a cause of action.[3]

MOTION TO STRIKE
Prior to addressing other issues, we note that appellees filed a motion to strike in this Court, challenging an attachment to plaintiffs-appellants' reply brief. Specifically, appellees contend that plaintiffs attached to their reply brief, as Exhibit B, a copy of an affidavit by a physician which was not part of the record in the trial court. An exception of no cause of action must be tried on the face of the petition and no evidence can be introduced to support or controvert the exception. La.Code Civ. P. Arts. 927, 931. Although the exhibit was filed in the record below, it was not material that could properly be considered on this exception. Accordingly, plaintiffs erred in attaching Exhibit B. The motion to strike is granted.

MERITS
The events that caused the illness which eventually killed the decedent (i.e., exposure to asbestos) took place over the course of many years before he died. Until a person dies, his survivors cannot pursue the wrongful death action granted by La. Civ. Code Art. 2315.2. Nevertheless, appellants in this case contend their cause of action arose during the period of the decedent's exposure to the toxic substance.
Plaintiffs cite the case of Cole v. Celotex Corp., 599 So.2d 1058 (La.1992), as authority for the proposition that the law in effect during the time of the tortious exposure and resultant injury is applicable in an occupational disease/wrongful death action. This theory would enable them to maintain the tort action against the Avondale Interests for failure to provide decedent with a safe place in which to work. Otherwise, they face the barrier raised by the 1976 amendment to La. R.S. 23:1032, which removed a worker's right to sue his coworkers for negligent acts.
*766 Cole was a suit by former refinery workers for injuries resulting from long-term exposure to asbestos in their workplace. The Louisiana Supreme Court ruled that in determining when a cause of action arises in a long-latency occupational disease case, the dates of the harmful exposures are determinative of the rights of the parties for purposes of comparative fault and contribution rights among joint tort-feasors.
Appellants would apply this reasoning to determination of when a cause of action arises for purposes of wrongful death/negligence actions against executive officers. Cole is distinguishable, however. It addressed the retrospective or prospective application of Act 431 of 1979, which introduced comparative fault to Louisiana. The Cole court defined "events" for purposes of determining the applicable law as follows:
We conclude that the key relevant events giving rise to a claim in long-latency occupational disease cases are the repeated tortious exposures resulting in continuous, on-going damages, although the disease may not be considered contracted or manifested until later. We further conclude that when the tortious exposures occurring before Act 431's effective date are significant and such exposures later result in the manifestation of damages, pre-Act law applies.
Cole v. Celotex Corp., 599 So.2d at 1066. Based on this language, plaintiffs assert that a wrongful death action derives from the wrongful act and that the law at the time of the delict should be applied.
Our supreme court, however, has held that survival actions (i.e., ordinary tort actions filed directly by the injured party) and wrongful death actions (tort actions filed by the survivors of a deceased injured party for their own pain and suffering as a result of the death) are different actions arising at different times:
Although both actions arise from a common tort, survival and wrongful death actions are separate and distinct. * * * Each right arises at a different time and addresses itself to the recovery of damages for totally different injuries and losses. * * * The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death.... It is in the nature of a succession right. * * * On the other hand, the wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries which they suffer from the moment of the victim's death and thereafter. * * * Wrongful death damages compensate beneficiaries for their own injuries. [Citations omitted.]
Taylor v. Giddens, 618 So.2d 834, 840 (La. 1993).
Under Louisiana law, a cause of action accrues when the party has the right to sue. "The cause of action is the state of facts which gives a party a right to judicially assert an action against the defendant." Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350, 353 (La.1975). A cause of action "accrues" when suit may be legally instituted on it. Louette v. Security Industrial Insurance Co., 361 So.2d 1348, 1350 (La.App. 3d Cir.), writ denied, 364 So.2d 564 (La.1978). The elements of a cause of action based on negligence are fault, causation and damages. Owens v. Martin, 449 So.2d 448, 450 (La.1984).
The plaintiffs in a wrongful death action have no damages until their decedent dies. Their cause of action, therefore, cannot arise until the moment of death.
The wrongful death action in C.C. Art. 2315 [now Art. 2315.2] gives beneficiaries the right to recover from the tortfeasor such damages as the beneficiaries have suffered as a result of the victim's wrongful death. Obviously, the action cannot arise until the victim dies and is intended to compensate the beneficiaries for damages they suffer from the moment of death and thereafter.
Holmes v. Pottharst, 438 So.2d 622, 624 (La. App. 4 Cir.1983). See also, Smith v. Hurd, 408 So.2d 357, 359 (La.App. 1 Cir.1981); Owens v. Martin, 430 So.2d 1248, 1250 (La.App. 1 Cir.1983).
*767 Since the death of Earlvin Gauthe occurred long after the 1976 amendments to R.S. 23:1032, his survivors have no cause of action against the executive officers, absent allegations stating a cause of action for intentional acts. We find no merit to plaintiffs' assertion that their petition stated a cause of action for intentional tort against the executive officers. However, they are entitled to be given leave to amend it to attempt to state a cause of action.[4]
For the foregoing reasons, the judgment of the district court is affirmed and the matter is remanded for further proceedings as indicated in this opinion. The parties are to pay their own costs for this appeal.
AFFIRMED AND REMANDED.
NOTES
[1] Plaintiffs state in their brief that prior to his death Mr. Gauthe filed a tort suit against the Avondale executive officers and their insurers for failure to provide him with a safe working environment and that he recovered a verdict in his favor. The defendants' brief confirms that statement and adds that the verdict is currently on appeal. However, the designated record before us contains no information concerning that action.
[2] Act 147 of 1976, effective October 1, 1976, amended LA. R.S. 23:1032 to limit civil suits against executive officers to injuries arising from intentional acts.
[3] Owens Corning's interest in maintaining the action against the executive officers is to enlarge the pool of potential contributors/indemnitors in the event of judgment in plaintiffs' favor on the wrongful death claim.
[4] La.Code Civ. P. Art. 934 provides:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.