708 So.2d 761 (1998)
Dorothy Reed GAUTHE, et al.
v.
ASBESTOS CORPORATION LIMITED, et al.
No. 97-CA-941.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
Rehearing Denied March 17, 1998.
J. Burton LeBlanc, IV, Cameron R. Waddell, Mickey P. Landry, Sandra A. Jelks, Frank J. Swarr, L. Dawn Smith, New Orleans, Robert G. Creely, Gretna, for Plaintiffs/Appellants.
Brian C. Bossier, Mickal P. Adler, Blue Williams, L.L.P., Metairie, for Defendants/Appellees.
Before DUFRESNE, CANNELLA and DALEY, JJ.
DALEY, Judge.
Plaintiffs appeal the dismissal of their wrongful death action against Avondale Industries, Inc. We affirm.
Plaintiffs, the heirs of Earlven Gauthe (who died on May 13, 1996 of mesothelioma), filed a wrongful death action against his former employer, Avondale Industries, Inc. (Avondale). Plaintiffs[1], family members of the decedent, alleged numerous causes of action against plaintiff's former employer, including *762 negligence, strict liability, and other actions alleged to constitute an intentional tort. Before plaintiff's death, he sued Avondale's executive officers and others for his own damages and received a favorable judgment shortly before he died.
Plaintiffs appeal the grant of defendant Avondale Industries, Inc.'s Exception of No Cause of Action, Alternatively Motion for Summary Judgment, which found that the heirs' wrongful death suit was governed by the law in effect at the time of Gauthe's death as opposed to the law in effect during his exposure to asbestos (1944-1972). The trial court's judgment also found that the exclusivity provisions of both Louisiana Workers' Compensation Act and the Longshoreman and Harbor Workers' Compensation Act (LHWCA) applied, which provide very narrow exceptions for intentional torts. The court found that plaintiffs had not alleged, nor presented evidence of, intentional tort. This judgment, dated July 16, 1997, dismissed plaintiffs' claims against Avondale with prejudice.
On appeal, plaintiffs argue that their wrongful death suit should be governed by the law that was applicable during Mr. Gauthe's exposure to asbestos in the workplace, from 1944 to 1972, rather than the law that was in effect at the time of Gauthe's death. They also argue that the provisions of the LHWCA do not apply to this suit. For the following reasons, we affirm the judgment of the district court.

Accrual of Wrongful Death Action
In a recent opinion in a related appeal stemming from an earlier judgment in the instant case, this court affirmed the trial court's determination that the law applicable to a wrongful death claim is the law in effect at the time of the cause of action's accrual (the death of the individual), rather than the law in effect at the time of the exposure. Gauthe v. Asbestos Corporation Limited, 97-656 (La.App. 5 Cir. 11/25/97), 703 So.2d 763. Plaintiffs argue that since the wrongful death action is derivative of the primary victim's cause of action, the two actions accrue at the same time and the same law applies to both. The trial court disagreed, and we affirm for the reasons expressed in this court's opinion in Gauthe v. Asbestos Corporation, Inc., 97-656 (La.App. 5 Cir. 11/25/97), 703 So.2d 763. See also Walls v. American Optical Corp., 96-1000 (La.App. 5 Cir. 11/25/97), 703 So.2d 800; Young v. E.D. Bullard Co., 97-657 (La. App. 5 Cir. 11/25/97), 703 So.2d 783.
Plaintiffs argue the applicability of Johnson v. Ashland Oil, 96-0323 (La.App. 1 Cir. 12/20/96), 684 So.2d 1156. Our review of that case shows that that suit was brought by the primary tort victim, not the wrongful death plaintiffs.[2] Further, that court found that the law applicable to Johnson's suit was the pre-1975 version of LSA-R.S. 23:1031.1, which enumerated a specific inclusive list of occupational diseases for which the exclusive remedy was workers' compensation; mesothelioma was not listed, and therefore the plaintiff was not precluded from asserting a tort claim. This case is not applicable to the instant suit because it did not address the specific issue of which law is applicable to a wrongful death claim.

Exclusivity of Louisiana Workers' Compensation and LWHCA
Plaintiffs argue that the trial court erred in finding that the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 (LHWCA), applies to this case.
Contrary to plaintiffs' argument in brief, the trial court has not determined which scheme applies; it has ruled that under either compensation scheme, these plaintiffs can only recover from defendant if they allege and present evidence of an intentional tort. Plaintiffs' allegations do not, as a matter of law, constitute intentional torts under either the LWHCA (see the trial court's Reasons for Ruling, appendix) or the Louisiana Workers' Compensation Act (see Gaspard v. Orleans Parish School Board, 96-1754 (La. *763 App. 4 Cir. 2/5/97), 688 So.2d 1298.)[3] Nor did plaintiffs present evidence of intentional torts at the hearing on the motion for summary judgment.[4]
Accordingly, the trial court's judgment in favor of Avondale is affirmed.
AFFIRMED.

APPENDIX

Twenty-Fourth Judicial District Court

State of Louisiana

Parish of Jefferson

Number 495-421

Division "Y"

Dorothy Reed Gauthe, et al

Versus

Asbestos Corporation, Ltd., et al

Reasons for Ruling
This is a wrongful death action arising out of the death of Earlven Gauthe, former employee of defendant, Avondale Industries, Inc. Plaintiffs, the family members of the decedent, have alleged numerous causes of action against plaintiff's former employer, including negligence, strict liability and other actions alleged to constitute an intentional tort.
In accordance with the prior ruling of this Court, the applicable law and jurisprudence is that which was in affect at the time of Earlven Gauthe's death in May of 1996. At that time, the law and evidence is clear that Earlven Gauthe was an employee of Avondale, and as such was provided coverage for compensation for on the job injuries either thought the Louisiana Workers' Compensation Act or the United States Longshoreman and Harbor Workers' Compensation Act. In a previous ruling in this case, on May 7, 1997 this Court has held that the law to be applied was the law at the time the cause of action arose, and in a wrongful death case this is at the moment after death of an employee or former employee. Since Mr. Gauthe died May 13, 1996, this means that the exclusivity provisions of either the Louisiana Workers' Compensation Law or the United States LHWCA are applicable, and neither the decedent's employee (sic) nor the executive officers of his employer are liable in tort claims except in the cases of intentional torts.
As to the Louisiana Workers' Compensation Act, the exclusivity provisions, apply except to those tortious acts which are intentional, intentional in the sense that the perpetrator of the act or omission can be said to have known that the result was substantially certain to follow from his conduct, whatever his desire may be as to that result. "The meaning of intent in this context is that the defendant either desired to bring about the results of his act or believed they were reasonably certain to follow." Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981). In this case, the mere allegations cannot substitute for the reality of the asbestos claim and no one will seriously entertain a belief that executive officers desired that Gauthe would contract asbestosis or that asbestosis was reasonably certain to follow their acts (or omissions).
On the other hand, if Mr. Gauthe was an employee covered under the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., for the family members of the decedent to assert any state law based causes of action against decedent's former employer for the conduct of that employer arising out of decedent's employment, the claimants must circumvent the exclusive remedy provisions of the Act set forth in 33 U.S.C. § 905(a).
Under the jurisprudence interpreting the Longshore and Harbor Workers' Compensation Act, there seems to be, at best, only a very narrow intentional tort exception to the *764 exclusive remedy provisions of 905(a), and there are in fact several cases holding that there exists no state law remedies, even for intentional tort. Houston v. Brechtel Associates Professional Corp., 579 F.Supp. 1094 (USDC, D.C.1981); Johnson v. Odeco Oil and Gas Company, 679 F.Supp. 604 (E.D.La. 1987), (adopting the Houston case), aff'd 864 F.2d 40 (5th Cir.1989); Roy v. Bethlehem Steel, 838 F.Supp. 312 (E.D.Tx.1993); Austin v. Johns-Manville Sales Corp., 508 F.Supp. 313 (D.C.Me.1981); see also Atkinson v. Gates, 665 F.Supp. 516 (S.D.Miss.1987) (holding that exclusivity provisions barred even intentional tort); Sample v. Johnson, 771 F.2d 1335 (9th Cir.1985)(exclusivity provisions barred even intentional tort); Texas Employers' Insurance Association v. Jackson, 862 F.2d 491 (5th Cir.1988) (covered LHWCA employee was barred from bringing any state law claims; including intentional fraud.)
The Courts are very specific in their description of the conduct which does not constitute an intentional tort for these purposes. These include: 1. Knowingly permitting a hazardous work condition to exist, 2. Willfully failing to furnish a safe place to work. 3 willfully violating safety statutes, 4. Fraudulently misrepresenting and failing to disclose to employees the hazards of exposure to asbestos for the purpose of inducing them to work in the presence of asbestos, 5. Intentional, culpable breach of statute. 6. Knowingly ordering claimant to perform an extremely dangerous job, and 7. Knowingly and intentionally failing to provide adequate protective devices to avoid asbestos disease. Austin, supra; Houston, supra.
It seems that virtually every allegation made by plaintiffs in this case, though containing the word "intentional," would still be covered by the Act because the law requires intent of the harm, not just intent to do a certain act. Thus, the only question is whether plaintiff has any affirmative evidence that some person at Avondale Industries, Inc. Had the desire to injure Mr. Gauthe. On this point, the Court finds no evidence.
Therefore, based on the allegations of plaintiff, and the evidence which plaintiffs suggest support such allegations, this Court concludes that no reasonable juror can find that any person at Avondale Industries, Inc., had the specific desire to cause injury to the decedent. The allegations of plaintiff, and the supporting evidence, according to case law, at best, might constitute gross negligence, however, such action falls well short of the conscious desire for an intentional tort.
Under La. C.C.P. art. 966, as amended, motions for summary judgment are favored, and when there are not genuine issues of fact summary judgment should be rendered to secure the just, speedy, and inexpensive determination of every action. In this case, considering the complexity of the litigation, the absence of any genuine issue of fact, summary judgment in favor of defendants is appropriate.
Signed this 16 day of July, 1997, in Harahan, Louisiana.
 /s Charles R. Ward
 Charles R. Ward
 Judge Ad Hoc
 Judge
NOTES
[1] Dorothy Reed Gauthe, widow of the decedent; Paul Gauthe, Helen Cantrelle, Marion Fleming, and Anne Richwine, the adult children of decedent.
[2] Footnote 1 indicates that the primary victim brought the suit, but died before trial. The court guessed that his widow and children had been substituted as parties plaintiff. Therefore, that suit constituted the action of the primary victim. In the instant case, the primary victim (Gauthe) has already recovered in a separate suit.
[3] Because plaintiffs' allegations (and evidence) do not constitute intentional torts as a matter of law, this is not a situation where intent is an issue for the trier of fact, as argued by plaintiffs' counsel.
[4] When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings. His response must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 966 as amended by Acts 1997, no. 483.