408 So.2d 357 (1981)
Ernestine Smith, Widow of Homer SMITH,
v.
Roy E. HURD, Sr., et al.
No. 13890.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, for plaintiff-appellant.
A. G. Seale, Baton Rouge, for Gulf Ins. Co.
*358 Charles W. Schmidt, III, New Orleans, for Industrial Ind. Co.
Gordon F. Wilson, Jr., New Orleans, for St. Paul Fire.
Leonard A. Young, New Orleans, for Fred Jacobs, et al.
Thomas J. Wyllie, New Orleans, for Willson Prod. Div.
Paul B. Deal and Gerald Talbot, New Orleans, for Aetna C & S.
Felicien P. Lozes, New Orleans, for Columbia Cas. Co.
Bertrand M. Cass, Jr., New Orleans, for Continental Cas. Co.
Michael A. Britt, New Orleans, for Royanne H. Blossman, et al.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge:
This is a suit by Ernestine P. Smith for damages arising out of the death of her husband Homer Smith. The suit was originally filed as a wrongful death action against Frank Bogran and others as executive officers and directors of Mississippi Valley Silica Company, Inc., Mr. Smith's former employer. Other defendants are Willson Products Division of ESB, Inc., and various insurance companies. Subsequently, plaintiff amended her petition to allege a survivorship action against the same parties.
Peremptory exceptions of no cause and no right of action as to the wrongful death action were filed by all executive officers and their insurers, and exceptions of prescription were filed by all parties to the survivorship action. In reasons for judgment rendered after the hearing on the above exceptions, the trial judge sustained the exceptions as to the wrongful death action, but referred the exceptions of prescription to the merits because no evidence was before him. He further ordered plaintiff to amend her petition to allege that the injuries suffered by her deceased husband, for which she sought recompense in the survival action, were incurred prior to the amendment to R.S. 23:1032 which precluded executive officer actions.
Plaintiff then amended her petition to allege that all acts of negligence on the part of the defendants took place prior to October 2, 1976, and on a daily basis from 1969 through 1975, while plaintiff was employed by Mississippi Valley. Renewed exceptions of prescription were filed, alleging that Mr. Smith's cause of action for his injuries had prescribed prior to his death.
After trial of the exceptions, judgment was rendered sustaining the exceptions as to all parties, and dismissing the survival action. Thereafter, judgments were signed dismissing the suit as to all executive officers and their insurers. From those judgments, plaintiff has appealed.
In this court, plaintiff assigns as error only the granting of the peremptory exceptions of no cause of action as to her wrongful death action. The exceptions of no cause of action are based on the language of R.S. 23:1032, as amended by Act 147 of 1976, which provides, in part, as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease."
The allegations of the petitions filed herein, which we accept as true for purposes of these exceptions, are that Homer Smith was employed by Mississippi Valley Silica from 1969 through 1975; that during that time he was exposed on a daily basis to sand, silica dust and other dust particles; and that he died of silicosis and other pulmonary diseases as a result of his constant exposure thereto. His date of death is alleged to be March 28, 1977.
*359 The basis of the exceptions is that, on the date of death of Homer Smith, when plaintiff's wrongful death cause of action arose, tort suits against executive officers and stockholders of the employer company were prohibited by the express language of R.S. 23:1032, quoted supra.
Plaintiff claims that the exceptions were improperly sustained, arguing that her cause of action arose when Homer Smith's injuries were inflicted, all of which took place prior to the enactment of Act 147 of 1976. Plaintiff's reasoning is faulty. Her cause of action for the wrongful death of her husband could not arise prior to his death. When he died, after the effective date of Act 147 of 1976, executive officer suits were prohibited by the amendment. The exception was properly maintained.
The judgment appealed from is therefore affirmed at plaintiff's cost.
AFFIRMED.