430 So.2d 1248 (1983)
Gladys Virginia OWENS, et al
v.
Bob MARTIN, et al.
No. 82 CA 0744.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
*1249 William Joseph Cleveland, Baton Rouge, for plaintiffs.
Michael A. Britt, New Orleans, for defendants.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
This is a suit for damages in tort against corporate "executive officers" by the widow and two major children of a workman who allegedly contracted asbestosis in the course of his employment, and subsequently died. The executive officers filed a motion for summary judgment asserting that the exclusive remedy of the workman and his survivors was the Louisiana Workmen's Compensation Act. The trial court granted the motion for summary judgment and this devolutive appeal followed.

FACTS
No documentary evidence was filed by the parties in support of or opposition to the motion for summary judgment. In this posture, the allegations of the petition must be considered as true. Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868 (1962). The petition alleges that Gladys Virginia Owens, Karen Lee Owens and Linda Ruth Owens are the widow and major children, respectively, of Earnest E. Owens; from 1947 through 1963 the defendants were executive officers of the Gaylord Container Corporation and/or Crown Zellerbach Corporation in the plant located in Bogalusa, Louisiana; the defendants were delegated the duty to provide Owens with a safe place to work and to warn him of any dangers associated with working with asbestos; from 1947 through 1963 Earnest E. Owens was employed by Crown Zellerbach Corporation as an asbestos man which required him to handle large quantities of asbestos material and exposed him to the dangerous asbestos dust and fibers; and as a result of exposure to the asbestos, Owens contracted asbestosis and died from that disease on June 27,1980. The petition alleges that the wife and children were entitled to recover damages as the survivors of Earnest E. Owens for the pain and suffering suffered by him and the medical expenses incurred by him in the treatment of his illness. The wife and children also claim that they are entitled to damages for the wrongful death of Owens and for the loss of love, affection and support that they sustained as a result of his death.

EXCLUSIVENESS OF WORKMEN'S COMPENSATION REMEDY
Prior to Act 147 of 1976, La.R.S. 23:1032 provided that workmen's compensation benefits were the exclusive remedy of an employee, his personal representatives, dependents, or relations, against an employer for injuries arising out of and in the course of his employment. Because the law did not prohibit tort suits against co-employees, injured workers were allowed to seek tort recovery from negligent executive officers and their liability insurers. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Act 147 of 1976 amended La.R.S. 23:1032, in pertinent part, as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease...." (Emphasis added).
*1250 The principal legislative aim of Act 147 was to expand the class of defendants granted immunity from suits by injured employees in tort or delict to include "executive officers". Bazley v. Tortorich, 397 So.2d 475 (La.1981). The purpose of this immunity provision is to guarantee complete tort immunity to an employer if he surrenders his traditional defenses and superior resources for litigation, and assumes complete responsibility for all work related injuries, thus assuring economic stability to the injured workman and his dependents. Braxton v. Georgia-Pacific Corporation, 379 So.2d 1150 (La.App. 2nd Cir.1980); Flynn v. Devore, 373 So.2d 580 (La.App. 3rd Cir.1979). Act 147 is substantive in nature and applies prospectively to causes of action arising after its effective date of October 1, 1976. Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979); Richard v. Hebert's Creamery, Inc., 359 So.2d 1088 (La.App. 3rd Cir. 1978).

WRONGFUL DEATH ACTION
La.C.C. art. 2315 grants to designated beneficiaries the right to recover from a tort-feasor such damages as the beneficiaries have suffered if a person dies as a result of a tort. This cause of action is ordinarily called the "wrongful death action". The wrongful death action does not arise until the injured person dies. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter. Guidry v. Theriot, 377 So.2d 319, 322 (La.1979).
In the instant case, the petition alleges that Earnest E. Owens did not die until June 27, 1980. Since this wrongful death cause of action did not arise until after the effective date of Act 147 of 1976 when suits against executive officers were prohibited, summary judgment was properly granted on this cause of action. Smith v. Hurd, 408 So.2d 357 (La.App. 1st Cir.1981).

SURVIVAL ACTION
La.C.C. art. 2315 also grants to designated beneficiaries a separate cause of action to recover the damages which a person suffered and would have been entitled to recover from a tortfeasor, if the person had lived. This is ordinarily called the "survival action". This cause of action survives the death of the injured party and passes to the beneficiaries as an inheritable property right. The survival action comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim's death. The survival action permits recovery only for the damages suffered by the victim from the time of the injury to the moment of death. See Guidry, 377 So.2d at 322.
The petition of the plaintiffs alleges that Earnest E. Owens contracted asbestosis due to the fault of the defendants in failing to provide him with a safe place to work and to warn him of dangers associated with working with asbestos during the period from 1947 through 1963. Since the survival cause of action against the executive officers arose prior to October 1, 1976, it is not barred by Act 147 of 1976. Talluto v. Patchen, 370 So.2d 618 (La.App. 4th Cir. 1979). The ruling of the trial court granting a summary judgment in favor of the defendants on the survival cause of action is reversed.

AUTHORITY FOR PARTIAL SUMMARY JUDGMENT
Article 966 of the Code of Civil Procedure provides that a plaintiff or defendant"... may move for a summary judgment in his favor for all or part of the relief for which he has prayed." (Emphasis added). Article 968 of the Code of Civil Procedure provides that "[I]f the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion." (Emphasis added). See also La.C.C.P. art. 1915. A summary judgment may be granted for less than all of the relief which is sought. Dryades Savings and Loan Association v. Lassiter, 400 So.2d 894 (La.1981).

*1251 CONCLUSION
The relief sought by the beneficiaries was based on two separate causes of action: (1) damages under the wrongful death action, and (2) damages under the survival action. The summary judgment was correctly granted on the wrongful death action, but was improperly granted on the survival action. Since a partial summary judgment is authorized by law, we will affirm the summary judgment dismissing the wrongful death action and will remand the survival action to the district court for further proceedings. The cost of this appeal is to be equally divided between the parties appellant and the parties appellee.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.