449 So.2d 448 (1984)
Gladys Virginia OWENS, Karen Lee Owens and Linda Ruth Owens
v.
Bob MARTIN, George Barker, Otto Sherman, A.G. Root and XYZ Executive Officers of Crown Zellerbach Corporation, Bogalusa, Louisiana.
No. 83-C-1347.
Supreme Court of Louisiana.
April 2, 1984.
*449 Michael A. Britt, Leach & Paysse, New Orleans, for applicant.
William Joseph Cleveland, Slaughter, for respondent.
DIXON, Chief Justice.
In March, 1981 Mrs. Gladys Virginia Owens and her two major children filed suit against executive officers of Crown Zellerbach. They sought to recover for injuries allegedly suffered by their decedent, Earnest E. Owens, due to his exposure to *450 asbestos during the course of his employment at Crown Zellerbach's plant in Bogalusa. They also sought to recover for their own loss due to Owens' alleged wrongful death.
The defendants filed a motion for summary judgment, asserting that R.S. 23:1032 of the Louisiana Workmen's Compensation Act, as amended by Acts 1976, No. 147, was plaintiff's exclusive remedy and barred the suit. The trial court granted the motion. The court of appeal affirmed as to the wrongful death action but reversed and remanded as to the survival action. 430 So.2d 1248 (La.App.1983). Defendants alone sought review. The wrongful death action is therefore not before this court. As to the survival issue, we affirm and remand for further proceedings.
Although defendants have styled their motion as one for summary judgment, neither they nor plaintiffs have supported or opposed the motion with affidavits in compliance with C.C.P. 966-67. No discovery has taken place. The record contains only pleadings and briefs. In reality, the case is presented to us as if on an exception of no cause of action in which the defendants assert the 1976 amendment as an affirmative defense to allegations of the plaintiffs, and we treat it as such. Cf. Haskins v. Clary, 346 So.2d 193 (La.1977). Such an exception attacks the legal sufficiency of the petition, and all well pleaded allegations are accepted as true.[1]Haskins v. Clary, supra.
In plaintiffs' petition, the following pertinent allegations are made. Plaintiffs are the widow and major children of the decedent Earnest E. Owens. From 1947-1963, defendants were executive officers of Crown Zellerbach at its plant in Bogalusa. They had a duty to provide Owens with a safe place to work and to warn him of any dangers associated with working with asbestos. During this same period, Owens worked at the plant as an asbestos man. This required him to handle large quantities of asbestos and exposed him to asbestos dust and fibers. As a result of this exposure, he contracted asbestosis and died from that disease on June 27, 1980.
Based on these allegations, plaintiffs assert the cause of action Owens would have had if he had survived. Guidry v. Theriot, 377 So.2d 319, 322-25 (La. 1979). The action is based on this court's holding in Canter v. Koehring Co., 283 So.2d 716 (La.1973), that an injured worker could sue executive officers of his employer in negligence in addition to his workmen's compensation remedy against his employer. Defendants counter that Act 147 of 1976 amended R.S. 23:1032 to bar such suits against executive officers as of October 1, 1976. Bazley v. Tortorich, 397 So.2d 475 (La.1981).[2] Plaintiffs reply that the 1976 amendment is substantive in nature and applies prospectively only. See Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979). They argue that the cause of action arose prior to 1976; therefore, the 1976 amendment may not be asserted to bar the present suit.
The merit of defendants' motion therefore depends on a determination of when Owens' cause of action (hence plaintiffs' survival action) accrued.
In Seals v. Morris, 410 So.2d 715, 718 (La.1982), this court recognized that the elements of a cause of action based on negligence under C.C. 2315-16 are fault, causation and damages. In discussing the meaning of res judicata in Louisiana, the court has also stated that a cause of action is "the state of facts which gives a party a right to judicially assert an action." Trahan v. Liberty Mutual Insurance Co., 314 So.2d 350, 353 (La.1975). Damages are necessarily included in this state of facts. *451 Fault alone is not sufficient. Damages alone (in a negligence action) are not sufficient. Both are needed (along with a causal link between the negligent act and the damage complained of) in order for a cause of action to exist. Jones v. Texas & Pacific Ry. Co., 125 La. 542, 544, 51 So. 582, 583 (1910); Lucas v. Commercial Union Insurance Co., 198 So.2d 560, 564-65 (La. App.1967).[3]
The element of damages as a necessary requirement in a negligence action is also implied by C.C. 3492, effective January 1, 1984:
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."
This article is based on C.C. 3536-37, prior to January 1, 1984:
"The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses." C.C. 3536.
. . . . .
"The prescription mentioned in the preceding article runs:
. . . . .
And in the other cases from that on which the injurious words, disturbance or damage were sustained." C.C. 3537.
Since prescription cannot commence until damages are sustained, a cause of action does not accrue until that time.[4]
*452 When a court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence. Haskins v. Clary, supra. When an exception of no cause of action is based on an affirmative defense, the exception must be overruled "unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based." Haskins v. Clary, supra at 195. Plaintiffs' petition in this case does not exclude the possibility that Mr. Owens began to suffer damage prior to October 1, 1976, even though it does not specifically allege it. As in Haskins, this may make it subject to an exception of vagueness, but it is not fatal to the petition. At this stage of the proceeding it is not possible to conclude that the 1976 act bars plaintiffs' action. It is impossible to say when damages occurred sufficient to give rise to a cause of action without additional fact finding below.[5]
Accordingly, the judgment of the court of appeal is affirmed, and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
MARCUS, J., concurs in the result.
LEMMON, J., concurs.
NOTES
[1] The statement in Lee v. City of Baton Rouge, 243 La. 850, 859, 147 So.2d 868, 871 (1962), that the allegations of the petition must be considered as true for the purposes of ruling on a motion for summary judgment is incorrect. C.C.P. 966-67 set forth the applicable tests.
[2] The 1976 act does not, however, bar suits for intentional torts against a plaintiff's "employer, or any officer, director, stockholder, partner or employee of such employer." R.S. 23:1032; Bazley v. Tortorich, supra.
[3] In Jones v. Texas & Pacific Ry. Co., supra, defendant's locomotive struck two of plaintiff's mules. One died immediately; the other survived a flesh wound and appeared to be on its way to recovery. Two months later, however, it died. Within a year from its death, plaintiff filed suit for its loss. Defendant interposed a plea of prescription, arguing that the damage was sustained at the time of the negligent act and that under C.C. 3537 (C.C. 3492, as amended by Acts 1983, No. 173, eff. Jan. 1, 1984) prescription begins to run when the damages are sustained. In rejecting this claim, the court said: "... In law, things which are not susceptible of ascertainment are considered as not existing.... Until by the death of the mule the damage had been revealed, or, to use the legal term, had been made certain, plaintiff had no cause of action for it. Until then, it was at best uncertain, contingent, speculative ..." Jones v. Texas & Pacific Ry. Co., 125 La. at 544-45, 51 So. at 583. (Emphasis added).

The statement in Guidry v. Theriot, supra, 377 So.2d at 322 that the survival action comes into existence "simultaneously with the commission of the tort," is therefore too broad in that it assumes that the negligent act and the manifestation of damage were contemporaneous. The point in Guidry was to distinguish the survival action from the wrongful death action.
[4] Once damages are sustained and the cause of action accrues, then the doctrine of "contra non valentem agere non currit prescriptio" may apply to suspend the running of prescription. Although C.C. 3467-72 express a codal disfavor toward suspension of prescription, the jurisprudence has nevertheless recognized the doctrine of contra non valentem as "a limited exception where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues." Corsey v. The State of Louisiana, Through the Department of Corrections, 375 So.2d 1319, 1321 (La.1979). (Emphasis added). In its fourth and most modern version, as recognized in Corsey, the doctrine applies:

"... Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. (This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned...." Corsey v. The State of Louisiana, Through the Department of Corrections, supra at 1322. (Emphasis added).
As the emphasized passages make clear, contra non valentem applies to suspend the running of prescription on a cause of action already accrued. Before prescription can run or be suspended, there must be a cause of action, that is, the elements of a negligence cause of action (fault, causation and damages) must exist. There is no need to invoke the doctrine where the damage does not occur until some time after the negligent act. In that case, the code itself provides that prescription does not commence until the damage is sustained. C.C. 3492 (C.C. 3536-37 prior to January 1, 1984); Jones v. Texas & Pacific Ry. Co., supra, 125 La. at 547, 51 So. at 583-84; Lucas v. Commercial Union Insurance Co., supra. In the present case, it is possible that Mr. Owens suffered damage prior to 1976; yet, even though "reasonably diligent," he did not become aware of his cause of action against defendants until the disease was diagnosed in 1980. In such a case, contra non valentem would apply to suspend the running of prescription during the period between the initial damages and the diagnosis.
[5] In Quick v. Murphy Oil Co., 446 So.2d 775 (La.App.1984), writs denied, 447 So.2d 1074 (La.1984), the plaintiff worked around asbestos from 1955 until 1980 when he was diagnosed as having asbestosis. He filed an executive officers' suit, alleging his cause of action arose prior to 1976. The court of appeal, on rehearing, rejected the notion that the cause of action arose with each exposure because exposure does not inevitably result in disease. It also rejected the idea that there was no cause of action until the manifestation of symptoms and disability. The court chose, instead, the more realistic theory that the cause of action arose at the time of "contraction." Although difficult to ascertain, the time of contracting the disease could, within limits, be determined by medical experts. In denying writs, we stated:

"Writ denied. The result, remanding the case to the district court for further proceedings, is correct. We decline, however, to express an opinion at this stage of the proceeding as to whether the date of `contraction' can be established with sufficient legal certainty to hold that the cause of action arises at that time. Such a determination necessarily requires expert testimony explaining how such time, or period of time, can be established. Until such a record is before the court, the issue cannot be fairly resolved. See Owens v. Martin, 449 So.2d 448 (La.1984)."