703 So.2d 783 (1997)
Julia Walker YOUNG, et al.
v.
E.D. BULLARD COMPANY, et al.
No. 97-CA-657.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
Rehearing Denied January 20, 1998.
*784 Joseph M. Bruno, David S. Scalia, New Orleans, for Plaintiffs-Appellants.
James M. Garner, Deidre C. McGlinchey, New Orleans, Steve M. Sikich, Lake Charles, James J. Morse, Thomas J. Cortazzo, Andrew I. Brown, New Orleans, Samuel M. Rosemond, III, Metairie, Daniel J. Caruso, Alfred R. Gould, Matthew Monson, Gerald A Melchiode, J. Michael Johnson, New Orleans, for Defendant-Appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by Julia Walker Young and her four children, plaintiffs-appellants, from a judgment sustaining an exception of no cause of action urged by defendants in this silicosis related wrongful death action. For the following reasons we affirm that judgment.
The pertinent alleged facts are straightforward. John Young is said to have worked as a sandblaster for Land & Marine Applicators, Inc. and Coastal Coatings, Inc. from 1967 to 1980. It is further alleged that during that time he inhaled silica dust due to the negligence of the executive officers of those corporations, which in turn led to his death in 1994 from silicosis. In 1981, Young sued the corporations' executive officers for negligence, and eventually impleaded several manufacturers and distributors of respiratory protective sandblasting hoods on a products liability claim. After protracted litigation, Young settled the executive officers actions, and was eventually awarded over $1,000,000.00 by a jury on the products liability claims, see Young v. Logue, 94-0585 (La.App. 4th Cir. 5/16/95), 660 So.2d 32.
In 1995, Young's wife and four children filed the present wrongful death suit, seemingly against the same defendants and asserting the same theories of recovery as advanced in Young v. Logue, supra. The executive officers of Land & Marine and Coastal Coatings, and their insurers, urged an exception of no cause of action, arguing immunity from suit under the exclusivity provisions of the Workers' Compensation Act, La. R.S. 23:1032. That exception was sustained and negligence action was dismissed against these parties defendant. Plaintiffs now bring this appeal.
Prior to October 1, 1976, employees could sue the executive officers of their employers for negligent acts causing injury, but could not sue their employers directly because of the exclusivity provisions of the Workers' Compensation Act. Survivors of an employee who died from such injuries could also bring a survival action for the decedent's damages up to the time of death, as well as wrongful death actions for damages sustained by themselves because of the death. On the above date, the Legislature, by Act 147 (Reg. Sess.1976), extended to executive officers the same immunity from tort suits as that enjoyed by their employers for injuries sustained in the workplace, and also made this immunity applicable to survival and wrongful death actions.
As a matter of constitutional law, where a cause of action has accrued to a party, it becomes a property right which is protected by the guarantees of due process, Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1891). However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones, Id.
In the latent disease context (particularly silicosis and asbestosis), the slow development *785 of these conditions created several problems in determining when various causes of action accrued, and consequently how La. R.S. 23:1032 was to be applied. It is now well established that a worker exposed to asbestos or silica prior to 1976, who later develops asbestosis or silicosis, can still maintain a tort action (assuming prescription has not run) against executive officers of his employer for injuries occasioned by pre-1976 exposure to harmful particles, Lebleu v. Southern Silica of La., 554 So.2d 852 (La. App. 3rd Cir., 1989). Similarly, upon the death of such a worker, this action may be pursued as a survival action by his family, whether suit was already instituted by the worker before his death, or is brought by his appropriate heirs afterwards, see, Guidry v. Theriot, 377 So.2d 319 (La.1979). The rationale of the above line of cases is that the tortious conduct which occurred prior to 1976, gave rise to a cause of action at that time, Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). Upon its accrual, this action became a property right subject to all due process protections, and thus it could not be divested by the passage of Act 147, now La.R.S. 23:1032, Faucheaux v. Alton Ochsner Medical Foundation and Clinic, 470 So.2d 878 (La.1985).
The present matter does not involve the direct tort action or the survival action, but instead concerns the wrongful death action provided by La. Civ.Code, Art. 2315.2. It is also now well established that the survival action and the wrongful death action are two different actions which arise at different times. In Taylor v. Giddens, 618 So.2d 834, 840 (La.1993), the court stated:
Although both actions arise from a single tort, survival and wrongful death actions are separate and distinct. Each right arises at a different time and addresses itself to the recovery of damages for totally different injuries and losses. The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. It is in the nature of a succession right. On the other hand, the wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries which they suffer from the moment of the victim's death and thereafter. Wrongful death damages compensate beneficiaries for their own injuries. (Citations omitted; emphasis added)
The pertinent date for determining when plaintiffs' claims arose and became a protected property right for due process purposes is thus the date of the victim's death, rather than the time of the tortious conduct.
In the present case, John Young died in 1994. Whatever causes of action for wrongful death his beneficiaries may be entitled to urge accrued at that time, and not before. Thus, the law applicable in 1994, is to be applied to this case. That law, La. R.S. 23:1032, gives immunity to executive officers of employers from negligence suits by either the worker or his dependents, and plaintiffs therefore have no cause of action to assert against these defendants, Holmes v. Pottharst, 438 So.2d 622 (La.App. 4th Cir. 1983); writ denied 447 So.2d 1076; (worker died of silicosis); Owens v. Martin, 430 So.2d 1248 (La.App. 1st Cir.1983); affirmed and remanded on other grounds, 449 So.2d 448 (La.1984); (worker died of asbestosis); Smith v. Hurd, 408 So.2d 357 (La.App. 1st Cir.1981); (worker died of silicosis). The judgment sustaining defendants exception of no cause of action as to plaintiffs' negligent wrongful death claims was thus properly rendered, and we so hold.
Plaintiffs urge that the reasoning in Holmes, Owens, and Smith, supra, has been called into question by the subsequent case of Cole v. Celotex Corp. supra. We disagree. Cole addressed a completely different set of problems involving retrospective application of the 1979, comparative fault statute, and the decision turned on statutory language making those changes prospective only. The only issue which might be remotely related to the present case involved the court's analysis of the reference in the statute to claims "arising from events occurring prior [to the effective date of the act]." The court determined that in the asbestosis context, "events" would be construed as the repeated exposure *786 to asbestos dust which occurred prior to passage of the statute. Plaintiffs assert here that the pertinent "events" giving rise to their wrongful death claim were similarly, at least in part, decedent's pre-1976, exposure to silica. They argue that their cause of action should therefore be considered as having vested at that time, and that due process protections preclude application of La. R.S. 23:1032, to divest them of that claim.
While their argument has some force, it simply is not the law. In the post Cole case of Taylor v. Giddens, supra, the court firmly re-stated that the wrongful death action does not arise until the death of the victim, and compensates the beneficiaries for damages they suffer only from the time of that death. Since the cause of action in the present case could not have existed until the death, it could not be considered a vested property right prior to that time, and Act 147, thus cannot be said to have impermissibly divested them of this non-existent cause.
For the foregoing reasons, the judgment sustaining the exception of no cause of action urged by the executive officers and their insurers is hereby affirmed.
AFFIRMED.