ON REMAND FROM THE SUPREME COURT

| ] JONES, Judge.
We review this writ application on remand for the Supreme Court in light of their decision in Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262. This matter arises out of an action filed by several plaintiffs for injuries caused by occupational exposure to technologically Enhanced Radioactive Material (TERM) and other hazardous, toxic and carcinogenic materials. Intracoastal Tubular Services, Inc. (ITCO), the plaintiffs former employer, Mobil Exploration & Producing Southeast, Inc. (Mobil), and several other corporations were named in the suit for allegedly tendering contaminated oil field equipment for cleaning and of maintenance. Although the original writ application included issues raised by five employees and/or decedents, the holding in the Walls case is only relevant to the wrongful death actions filed by the descendents or heirs of Adrian Bulot, Jr., Lee Craft, Sr., and Osmmiento Salmerón. These men died of cancer in April 1997, August 1986 and September 1991 respectively. The heirs for each descendent filed separate suits alleging that the storing, handling and transporting of these hazardous materials were in wanton or reckless disregard of public safety. The lawsuits, which were later consolidated, also requested punitive | gand exemplary damages pursuant to La.C.C.P. art. 2314.3 which was in effect during the time periods when each of the decedents died.
The issue we must revisit is whether the protection of repealed codal provision La.C.C.P. article 2315.3 is triggered by the date of exposure to harm or death. It is clear that the provision’s application to survival actions is triggered by the date of exposure. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992). Although the U.S. District Court for Eastern District of Louisiana chose to apply this date to wrongful death cases, we have declined to do so. Coates v. AC and S, Inc., 844 F.Supp. 1126 (E.D.La.1994); see also Meredith v. Asbestos Corp., Ltd., 97-2593 (La.App. 4 Cir. 2/18/98, 707 So.2d 1334).
The Supreme Court has now settled the issue in agreement with our previous writ opinion. The Walls court held that the amendment granting immunity, which became effective after the wrongful act occurred, still applied to facts of that matter because the cause of action for wrongful death arose after the amendment became effective. The law in existence at the time of death is the law that applies to a wrongful death action; therefore, the plaintiffs in this case may claim exemplary *801 damages as was proper under the former La.C.C.P. 2315.3. In addition, it is now clear that the trial court erred in sustaining the defendants’ exception of no cause of action for the wrongful death claims.
WRIT GRANTED IN PART; DENIED IN PART.