I,McKAY, J.
This writ seeks review of a trial court’s denial of an exception of no cause of action. We find no error in the trial court’s judgment and affirm its ruling.
FACTS AND PROCEDURAL HISTORY
John Anderson worked for Avondale Industries from 1968 until 1980. During this time, Mr. Anderson was exposed to asbestos in the normal routine course of his work. As a result of this exposure, Mr. Anderson contracted lung cancer which was diagnosed on March 15, 1994, and from which he died on October 25, 1994.
On August 29, 1994, Mr. Anderson and his wife Eva filed suit against Avondale, certain Avondale executive officers, and a number of manufacturers of asbestos products who had sold their products to Avon-dale. The suit sought damages for injuries that Mr. Anderson had sustained due to his exposure to asbestos.[1] After Mr. Anderson’s death, the suit was amended to seek damages for his wrongful death. The damages sought in the plaintiffs’ amended petition included a claim for punitive damages as provided for under Louisiana Civil Code | ^article 2315.3[2] because “Mr. Anderson’s injuries were caused by the wanton and reckless disregard for public safety in the storage, handling, and transportation of asbestos to which he was ex *655 posed and which resulted in his injuries.” In response, the defendants filed a peremptory exception of no cause of action which the tidal court denied.
The defendants then took a writ with this Court. Said writ was denied by this same panel. No. 2000-C-0777. The defendants took a writ with the Louisiana Supreme Court who remanded the matter to this Court for additional briefing, oral argument, and full opinion.
DISCUSSION
In Cole v. Celotex, 599 So.2d 1058 (La.1992), the Louisiana Supreme Court recognized that cases arising from occupational exposures present difficulties in determining when an injured plaintiffs cause of action arises. The same is true for determining whether a law should be given retrospective or only prospective application. Although the Supreme Court has found that certain injuries and the causes of action for the same, such as wrongful death, occur at the time of death, we are now faced with the equally difficult issue of determining whether or not exemplary damages should be allowed to a claimant in a wrongful death action. See Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262.
The primary issue before this Court is whether the application of former Louisiana Civil Code article 2315.3 to a wrongful death action which arose in 1994 13but which resulted from lung cancer caused by workplace exposures to asbestos products that ended before the article’s enactment is an impermissible retroactive application of the law.
In Meredith v. Asbestos Corporation, Ltd. et al, 97-2593 (La.App. 4 Cir. 2/18/98), 707 So.2d 1334, this Court, citing Holmes v. Pottharst, 438 So.2d 622 (La.App. 4 Cir.1983), writ denied, 447 So.2d 1076 (La.1984), reiterated its position that a wrongful death action arises at the time of death, and the law effective on the date of death applied to wrongful death actions. Furthermore, this Court has held where former La. C.C. art. 2315.3 was in effect at the time of a decedent’s death, the plaintiffs in a wrongful death action related to his death may claim exemplary damages pursuant to former La. C.C. art. 2315.3. See Bulot v. Intracoastal Tubular Services, Inc., 98-2105 (La.App. 4 Cir. 2/24/99) 730 So.2d 1012.
In the instant case, although Mr. Anderson’s exposure to asbestos took place between 1968 and 1980, he did not die from the effects of lung cancer until 1994. Therefore, the claim arising from his wrongful death did not accrue until 1994. The plaintiffs’ claim for punitive or exemplary damages is by its very nature ancillary to the plaintiffs’ underlying wrongful death action. Therefore, logic dictates that the claim for punitive or exemplary damages arises at the same time as the action that it is ancillary to.
Because former La. Civil Code article 2315.3, which was in effect from September 1, 1984, through April 16, 1996, allowed for punitive damages, it | ¿appears to us that a claim for punitive damages in the case sub judice is viable. It makes no sense to preclude exemplary damages in wrongful death actions which accrued during the period from September 1, 1984, through April 16, 1996, when it is clear that the legislature intended that such damages be available in causes of action arising from use of asbestos products. Although it is fortuitous for the plaintiffs that Mr. Anderson died within the window of opportunity while former La. C.C. art. 2315.3 was in effect, this does not change the fact that wrongful death and survival actions are two different things. The fact that exemplary damages may not be available in one type of action should have no impact on deciding whether they should be available in the other.
Finally, it does not appear that allowing punitive damages in this case presents a problem under La. Civil Code article 6. Punitive damages are not “new legal consequences to past conduct” as envi *656 sioned under that article. Punitive damages were available in Louisiana for a number of torts at the time of Mr. Anderson’s exposures as well as at the time of his death. They were also available in most other states including the domiciles of all of the defendants in the instant case.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed and this writ is denied.
JUDGMENT AFFIRMED; WRIT DENIED.
MURRAY, J., concurs with reasons:

. In their original petition, plaintiffs also sought punitive damages.

. From September 1, 1984, through April 16, 1996, La. Civil Code article 2315.3 allowed for punitive damages.