676 So.2d 1185 (1996)
Royce THOMAS
v.
ARMSTRONG WORLD INDUSTRIES, INC., et al.
No. 95 CA 2222.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*1186 Robert H. Urann, Nancy Picard, Metairie, for Royce Thomas.
Lisa A. Condrey, Craig Nelson, New Orleans, for Amco Insulations, Inc.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
FITZSIMMONS, Judge.
Royce Thomas was employed as an insulator by Anco Insulations, Inc ("Anco") from 1968 until 1971. In mid-April, 1994, appellant was diagnosed with lung cancer and asbestosis. In his petition, he alleged that during the normal course of work, he had been required to handle large quantities of asbestos. He purported that he was also exposed routinely to asbestos dust and fibers, which were used by other workers in his immediate vicinity. It was averred that due to the negligence and/or intentional acts of defendant, he contracted lung cancer as a result of this exposure.
Anco filed a peremptory exception of no cause of action, based upon the exclusive remedy of workers' compensation, and the inapplicability of intentional tort causes of action at the time of the plaintiff's employment. The district court granted Anco's exception of no cause of action, without assigning reasons therefor, and dismissed appellant's claim with prejudice against Anco. Mr. Thomas has appealed that dismissal of his claim on the grounds that his lung cancer related to a pre-1975 exposure to asbestos, which was not covered by the Louisiana Workers' Compensation Act. It is additionally asserted that appellant stated a cause of action in tort for the failure by Anco to provide him with a safe place to work. We agree that the petition states a cause of action.
It is not disputed that injury producing events determine the time at which a claim arises, as well as the controlling law, when it is alleged that earlier exposure resulted in a belated manifestation of damages. See, Cole v. Celotex, 599 So.2d 1058, 1066 and 1067 (La.1992); Smith v. Gretna Machine and Iron Works, 94-369, p. 5-6 (La.App. 5th Cir.11/16/94), 646 So.2d 1096, 1098. Since the date of asbestos exposure dictates the applicable law to be applied, La.R.S. 23:1031.1, as enacted pursuant to legislative Act 532 in 1952, is controlling in the matter before us. Louisiana Revised Statute 23:1031.1(A) provides in pertinent part, to wit:
An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed....
1. Poisoning by or other disease resulting from contact with [a list of substances that does not include asbestos]...
2. Diseased condition caused by exposure to X-rays or radio-active substances.
3. Asbestosis

4. Silicosis.
5. Dermatosis
6. Pneumoconiosis. (Italics supplied)
A reading of the statutory language of La.R.S. 23:1031.1 reveals that the schedule of diseases specifically includes the condition of asbestosis; however, it does not name the disease of lung cancer. Moreover, the extensive list of substances that the 1952 statute delineates as being exclusive in order to maintain an action in workers' compensation, *1187 does not contain the physical matter, asbestos.
Mr. Thomas avers that the etiology of his claim, id est, the development of lung cancer as a consequence of repeated exposure to asbestos, is not covered by pre-1975 workers' compensation because lung cancer was not one of the enumerated diseases; and, additionally, asbestos was not one of the itemized substances. Anco counters that Mr. Thomas had contracted the disease, asbestosis, which is one of the enumerated diseases restricting one's remedy to an action in workers' compensation. Although asbestos is not provided as one of the substances in the pre-1975 statute, appellee argues that asbestosis can only be contracted from asbestos. Thus, it was not necessary to include the specific names of the substances in the compound list when they are, a priori, logically and inferentially contained by the resulting diseases. The condition could not logically have been contracted but for the underlying existence of those substances.
While Anco presents an interesting argument to support the inferential inclusion of asbestos in the provided list of substances within La.R.S. 23:1031.1, it is not sufficient to overcome the fact that asbestos is simply not specifically written as one of the exclusive substances; nor, is lung cancer provided as one of the diseases that falls under the restricted ambit of a workers' compensation action. The focal issue to be judicially determined is whether the lung cancer was independently caused by asbestos or, alternatively, whether it was a progression of the asbestosis disease that Mr. Thomas had simultaneously contracted. See, Wallace v. Kaiser Aluminum & Chemical Corporation, 586 So.2d 149 (La.1991). Defendant is not precluded from demonstrating at the trial level that the asbestosis initiated the lung cancer and, therefore, the lung cancer would be encompassed within the diseases limited to workers' compensation. However, this is not a legal conclusion that can be determined from the face of the pleadings alone.
The purpose of an exception of no cause of action is to ascertain the adequacy in law of the petition. The court must accept the well-pleaded allegations as true, and the issue is whether, based on the allegations presented in the petition alone, the plaintiff is entitled to the relief sought. City of New Orleans v. Board of Commissioners, 93-0690, p. 2 (La.7/5/94), 640 So.2d 237, 241. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding a cause of action stated. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545 (La.App. 1st Cir.3/11/94), 634 So.2d 466, 493, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094.
Accepting Mr. Thomas' pleaded contention that the lung cancer resulted from asbestos, rather than asbestosis, sufficient factual issues subject to reasonable dispute are presented to defeat the exception. The district judge, therefore, erred in maintaining the exception of no cause of action. We decline at this time to address the issue of intentional tort raised by appellant, or its applicability to the instant cause of action. Accordingly, this matter is remanded to the district court for further proceedings consistent with this opinion. Costs of the appeal are assessed to Anco.
REVERSED AND REMANDED.