684 So.2d 1156 (1996)
Clara Provosty JOHNSON, et al.
v.
ASHLAND OIL, INC., et al.
No. 96 CA 0323.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Scott R. Bickford, John R. Martzell, M. Suzanne Montero, Martzell & Bickford, New Orleans, for Plaintiffs-Appellants, Clara Provosty Johnson, et al.
William H. Parker, III, Allen & Gooch, Lafayette, for Defendants-Appellees, Morton International, Inc., et al.
Before CARTER, GONZALES, and PARRO, JJ.
PARRO, Judge.
This is an appeal from the granting of defendant's motion for summary judgment, dismissing with prejudice the plaintiffs' tort claims based on Stanley Johnson's illness and death from mesothelioma, a form of cancer caused by exposure to asbestos.[1] The only *1157 issue on appeal is whether the pre-1975 Louisiana Workers' Compensation Law bars an employee's tort claim against an employer for the development of an occupational disease which was not listed in the statute and which was caused by a non-listed toxin. The trial court determined the plaintiffs' tort claims were precluded because the exclusive remedy was workers' compensation. We reverse and remand.

FACTS
There is no dispute between the parties concerning the following material facts. After filing this suit, Stanley Johnson died from malignant pleural mesothelioma on July 16, 1992. He had worked for defendant Morton International, Inc. ("Morton") from 1952 until 1978, during which time he was exposed to asbestos at work. Pleural mesothelioma is cancer of the pleural lining, the membrane that lines the thoracic cavity and encloses the lungs. Asbestos exposure is nearly always the cause of this cancer.

ARGUMENTS
Morton argues that even if the plaintiffs can establish that Morton's fault caused Mr. Johnson's illness and resulting damages, plaintiffs cannot maintain their tort claims as a matter of law because their exclusive remedy is workers' compensation. Although asbestos was not listed as a toxin and mesothelioma was not listed as a covered occupational disease in the pre-1975 workers' compensation statute, asbestosis was a covered disease. When the occupational disease portion of the statute was enacted in 1952, the only disease known to be directly and solely caused by asbestos exposure was asbestosis; mesothelioma was not then a recognized asbestos-caused disease. Morton contends that because both asbestosis and mesothelioma are caused by exposure to asbestos, and because the intent of the statute was for workers' compensation to be the exclusive remedy for asbestos-caused diseases, the plaintiffs' tort claims should be barred. The trial court agreed and granted summary judgment on this basis.
The plaintiffs' argument is simply that because the applicable statute did not list asbestos as a toxin, nor did it list mesothelioma as a covered occupational disease, the exclusivity provision of the workers' compensation statute is inapplicable to their claims, and their tort action should not have been dismissed.

APPLICABLE LAW AND ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. Because it is the applicable substantive law that determines materiality, whether or not a particular fact is material can be seen only in light of the substantive law applicable to the case. Penton v. Clarkson, 93-0657 (La.App. 1st Cir. 3/11/94), 633 So.2d 918, 922.
LSA-R.S. 23:1031.1, enacted in 1952, is the statutory authority allowing recovery for occupational diseases under Louisiana's workers' compensation law. Before amendment in 1975, the statute stated, in pertinent part:
(A) An occupational disease shall include only those diseases hereinafter listed when contracted by an employee in the course of his employment as a result of the nature of the work performed.
The list which followed included diseases caused by contact with certain specifically named substances. Coverage was also provided for diseased conditions caused by exposure to x-rays or radioactive substances. Specific occupational diseases listed were asbestosis, silicosis, dermatosis, and pneumoconiosis.[2] Paragraph F of the statute stated that the rights and remedies granted to an employee for occupational diseases for which *1158 he was entitled to workers' compensation "shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents or relatives."
For purposes of the issue before this court, the parties agree that the pre-1975 version of the workers' compensation statute defining the coverage for occupational diseases is the applicable law, and there is nothing in the designated record which would inform this court otherwise. There is also no genuine issue concerning any of the material facts necessary to determine this issue; therefore it is appropriate for summary judgment. However, the same set of facts may give rise to both a tort claim and a workers' compensation claim against the employer. See Trupiano v. Swift & Co., 755 F.2d 442 (5th Cir.1985), and Bergeron v. Celotex Corp., 766 F.Supp. 518 (E.D.La.1991). We do not by this opinion decide whether plaintiffs may have a workers' compensation claim for some or all of their damages; the issue before us is merely whether they do or do not, as a matter of law, have a tort claim.
The rationale of this court in a recent case is dispositive on this issue. In Thomas v. Armstrong World Industries, Inc., 95-2222 (La.App. 1st Cir. 6/28/96), 676 So.2d 1185, writ denied, 96-1965 (La.11/1/96), 681 So.2d 1272, this court dealt with similar arguments in the context of an employee who contracted lung cancer and asbestosis as a result of exposure to asbestos. The plaintiff, Thomas, argued that the development of lung cancer as a consequence of repeated exposure to asbestos was independent from his asbestosis, and therefore was not covered by workers' compensation because lung cancer was not one of the enumerated diseases and asbestos was not one of the itemized substances. Anco, the defendant, contended because Thomas had asbestosis, which was one of the enumerated diseases, his remedy should be limited to workers' compensation. Because asbestosis could only be contracted from asbestos, Anco argued it was not necessary to list that substance as a toxin. Anco took the position that asbestos was inferentially included as a toxin by the inclusion of the only disease then known to be caused by this substance.
In rejecting the defendant's argument, this court stated,
While Anco presents an interesting argument to support the inferential inclusion of asbestos in the provided list of substances within La. R.S. 23:1031.1, it is not sufficient to overcome the fact that asbestos is simply not specifically written as one of the exclusive substances; nor, is lung cancer provided as one of the diseases that falls under the restricted ambit of a workers' compensation action.
Thomas v. Armstrong World Industries, Inc, 95-2222, p. 3, 676 So.2d at 1187. However, because Thomas also had asbestosis, the case was remanded for a determination of whether his lung cancer was independently caused by asbestos exposure or whether it was a progression of the asbestosis disease that Thomas had also contracted.
In the case before this court, the issue is less complex. There is nothing in the record before us indicating Mr. Johnson ever had asbestosis. The record shows only that he had mesothelioma, a different disease which was not listed under the applicable statute. His disease was caused by exposure to asbestos, a substance not listed in the statute. Applying the reasoning of this court in the Thomas case, therefore, the plaintiffs' claims before us similarly do not fall under the restricted ambit of a workers' compensation action. The trial court's dismissal of these tort claims was legal error.

CONCLUSION
Based on the foregoing, the judgment dismissing the plaintiffs' tort claims, with prejudice, is reversed, and this matter is remanded to the district court for further proceedings. Costs of the appeal are assessed to Morton.
REVERSED AND REMANDED.
NOTES
[1] Before his death, Stanley Gerard Johnson, Jr. filed this lawsuit against Morton and other defendants. Although the record designated for this appeals does not contain a pleading substituting his wife and family as plaintiffs, the parties against whom summary judgment was granted are "Clara Provosty Johnson, Individually, as Administratrix of the Estate of Stanley Gerard Johnson, Jr., and as Curator [sic] of Mark Johnson, Stanley G. Johnson, and Larry Johnson." Therefore, we assume there has been a substitution, and this opinion will simply refer to Johnson's wife and family members as the plaintiffs.
[2] A 1958 amendment added tuberculosis as a covered disease under certain circumstances.