914 So.2d 1177 (2005)
J.B. ADAMS, et al., Plaintiffs-Appellants
v.
ASBESTOS CORPORATION LTD., et al., Defendants-Appellees.
No. 39,952-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 2005.
*1178 LeBlanc & Waddell, by Jody E. Anderman, Brian F. Blackwell, Baton Rouge, Baron & Budd, by Lawrence G. Gettys, Kevin D. McHargue, Sherri A. Saucer, Baton Rouge, for Plaintiffs Appellants.
Phelps Dunbar, by H. Alston Johnson III, Jane H. Barney, Annette N. Peltier, Baton Rouge, for Defendants Appellees.
Before STEWART, CARAWAY, PEATROSS, MOORE and LOLLEY, JJ.
STEWART, J.
This is an appeal from a summary judgment in favor of the defendant, Eaton Corporation. The trial court determined that asbestos is a covered pathogen under the 1952 version of La. R.S. 23:1031.1, which first provided workers' compensation coverage for occupational diseases, and dismissed the survival action of the plaintiffs, heirs of Walter Counts, on the grounds that workers' compensation provides the exclusive remedy. Because we find no genuine issue of material fact precluding summary judgment, we affirm.

FACTS
This suit is part of ongoing litigation in which a group of plaintiffs joined together to seek damages from several defendants for diseases allegedly caused by long-term exposure to asbestos in the workplace. Plaintiffs in this matter are the heirs of Walter Counts, a former employee of Libbey-Owens-Ford Company ("LOFC") who died of lung cancer on November 28, 1997. Counts' heirs joined the suit in 1998. LOFC was added as a defendant in 1999, and in 2001, Eaton Corporation ("Eaton") was added as a successor-in-interest to LOFC. For clarity, Eaton maintains that it is the parent corporation of Aero-Quip Vickers, Inc., which is the successor-in-interest to LOFC.
On August 4, 2003, Eaton filed a motion for summary judgment seeking to have the plaintiffs' survival and wrongful death actions dismissed on the grounds that workers' compensation provides the exclusive remedy. The focus for purposes of this appeal is the survival action; the parties appear to agree that the wrongful death action is governed and precluded by the current version of La. R.S. 23:1031.1. Another fact not in dispute is that the survival action is subject to the 1952 version of La. R.S. 23:1031.1, which defines an occupational disease as "[p]oisoning by or other disease resulting from contact with" specified substances listed thereafter, including "oxygen, nitrogen, carbon, and their compounds" and "metals other than lead and *1179 their compounds." The statute also specifies for coverage diseases caused by exposure to X-rays or radio-active substances, asbestosis, silicosis, dermatosis, and pneumoconiosis. At issue is whether asbestos is an oxygen compound or a metal compound under the 1952 version of La. R.S. 23:1031.1 such that diseases resulting from contact with it are considered occupational diseases covered by workers' compensation.
In support of its motion for summary judgment, Eaton offered the affidavit of Dr. Harry E. Ensley, a professor of chemistry at Tulane University. Dr. Ensley's affidavit states that he studied the chemical composition and structure of the various forms of asbestos and that chemistry involves the study of compounds and their constituents. Dr. Ensley defined "compound" as "a substance containing two or more elements combined in fixed proportions." He then explained that the forms of asbestos contain both oxygen and metals combined with other elements in fixed proportions. As he stated, "[E]ach asbestos compound contains oxygen atoms numbering half or more of the total number of atoms in the compound." He concluded that asbestos is both an oxygen compound and a metal compound. Anticipating the plaintiffs' arguments, Dr. Ensley stated that no commonly used term in chemistry would limit either "oxygen compounds" or "metal compounds" to something less than all chemical compounds containing at least one atom of oxygen or one atom of metal, respectively. Dr. Ensley also asserted that classification of asbestos as a mineral, which is defined as "an element of chemical compound that is normally crystalline...," does not change the fact that it is also an oxygen compound and a metal compound.
In addition to the affidavit, Eaton offered Dr. Ensley's curriculum vitae and a copy of House Bill 1098, which enacted the original version of La. R.S. 23:1031.1 of 1952, La. Acts 532, to provide workers' compensation coverage for occupational diseases. Eaton also included a statement of undisputed fact providing that asbestos is an oxygen compound and a metal compound, other than lead.
In opposition to Eaton's motion, the plaintiffs offered the affidavit of Dr. René A. De Hon, a professor with doctorates in geology and geochemistry. Dr. De Hon disagreed with the assertion that asbestos is an oxygen compound or metal compound. He noted that La. R.S. 23:1031.1 does not refer to asbestos by name. He also noted that while the statute refers to "oxygen, nitrogen, carbon, and their compounds" and "metals and their compounds," it does not refer to compounds containing these elements or compounds containing metal. Thus, the gist of his opinion was that while asbestos contains oxygen and metals, it is neither an oxygen compound nor a metal compound. He described asbestos as a silicate mineral and described minerals as "naturally occurring, inorganic crystalline, compounds." He explained that minerals are classified according to their chemical composition and the crystalline structure of their constituent atoms. He further explained that asbestos is a silicate mineral and is considered a silicate compound. He described the chemical composition of silicate minerals as alkali ions and metal ions bound to a silicate complex ion consisting of "Si atoms bound to 4 oxygen ions to form a tetrahedron." According to Dr. De Hon, the unique physical properties inherent in the chain structure of asbestos make it distinct from elemental or molecular oxygen and elemental metals or ions. Moreover, it is the physical properties of asbestos, rather than its composition, that make it a health risk. He concluded that although silicate minerals contain oxygen and one or more metal *1180 ions, they are not considered as "primarily" metal compounds or oxygen compounds "in the sense that one does not normally think of asbestos or any other silicate mineral when reference is made to `oxygen and its compounds' or `metals and their compounds'." Plaintiffs also offered a copy of Dr. De Hon's curriculum vitae.
At the hearing on the motion for summary judgment, Eaton objected to Dr. De Hon's affidavit on the grounds of relevance arguing that as a geologist he was not qualified to discuss chemical compounds. The trial court ordered the affidavit admitted, noting that he would give it the "proper consideration." The trial court ultimately granted Eaton's motion for summary judgment dismissing the wrongful death and survival actions of the plaintiffs. In the reasons for judgment, the trial court concluded that asbestos is included in the 1952 version of La. R.S. 23:1031.1 as both an oxygen and a metal compound. The reasons for judgment state:
In accordance with the affidavit of Dr. Harry E. Ensley, asbestos is an oxygen compound and a metal compound. The plaintiffs' expert, Dr. René De Hon, is not an expert in chemistry and therefore cannot provide expert testimony as to chemical compounds. Accordingly, from a review of the record, it is undisputed that while asbestos is a mineral, it is an oxygen and metal compound.
Plaintiffs now appeal the trial court's judgment arguing that the trial court erred in its interpretation of the applicable statute and in refusing to consider Dr. De Hon's expert testimony regarding the chemical composition and properties of asbestos.

DISCUSSION
Summary judgments are subject to de novo review on appeal. Campbell v. Hospital Service District No. 1 Caldwell Parish, 35,015 (La.App. 2d Cir.8/22/01), 793 So.2d 521. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
La. C.C.P. art. 967(A) provides that supporting and opposing affidavits of experts may set forth the experts' opinions on the facts as would be admissible under La. C.E. art. 702, and shall affirmatively show that the experts are competent to testify as to the matters stated therein. Under La. C.E. art. 702, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact at issue.
In Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 235-236, the Louisiana Supreme Court held that the Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)  State v. Foret, 628 So.2d 1116 (La. 1993) standards should be considered by the trial court in deciding whether to admit expert opinion evidence at the summary judgment stage. In doing so, the court reinforced the following important underlying principles relevant to consideration of expert evidence at the summary judgment stage:

*1181 The first is that the trial judge cannot make credibility determinations on a motion for summary judgment. See Sportsman Store of Lake Charles, Inc. v. Sonitrol Security Systems of Calcasieu, Inc., 99-C-0201, p. 6 (La.10/19/99), 748 So.2d 417 ("[t]he rule that questions of credibility are for the trier of fact applies to the evaluation of expert testimony"); Maraist & Lemmon, supra, p. 145 ("[i]n deciding a motion for summary judgment, the court must assume that all of the affiants are credible ..."). Second, the court must not attempt to evaluate the persuasiveness of competing scientific studies. In performing its gatekeeping analysis at the summary judgment stage, the court must "focus solely on the principles and methodology, not on the conclusions they generate." Daubert, supra at 595, n. 6, 113 S.Ct. 2786. Third, the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion." Maraist & Lemmon, supra, p. 145. Fourth, and most importantly, summary judgments deprive litigants of the opportunity to present their evidence to a jury and should be granted only when the evidence presented at the motion for summary judgment establishes that there is no genuine issue of material fact in dispute. If a party submits expert opinion evidence in opposition to a motion for summary judgment that would be admissible under Daubert-Foret and the other applicable evidentiary rules, and is sufficient to allow a reasonable juror to conclude that the expert's opinion on a material fact more likely than not is true, the trial judge should deny the motion and let the issue be decided at trial.
Id.
In this matter, there were expert opinions offered in support of and in opposition to summary judgment. The trial court admitted both into evidence but then discounted the opinion of plaintiffs' expert, Dr. De Hon, on the grounds that he was not an expert in chemistry and could not provide expert testimony as to chemical compounds. We find that the trial court's disregard of Dr. De Hon's expert opinion was an improper credibility determination at this stage of the proceedings. In Independent Fire Ins. Co. v. Sunbeam Corp., supra at 235, the supreme court stated that affidavits are subject to challenge by way of a Daubert hearing, a motion to strike, or counter-affidavits. The court further noted that it would be "impractical for a party to be required to depose his or her own expert in order for that expert's opinion to be admissible at the summary judgment stage." Id. Here, the only challenge to Dr. De Hon's qualifications was Eaton's objection of relevance. There was no examination of Dr. De Hon's qualifications to determine his competency as a geologist and geochemist to testify about the chemical composition of asbestos or the nature of compounds as specified in the statute. The record provides no sound basis for disregard of Dr. De Hon's expert opinion at the summary judgment stage.
The Oxford English Dictionary, Volume VI, p. 458 (Clarendon Press, Oxford, 2nd Ed.1989) defines geochemistry as the study of the chemical composition of the Earth. In Van Nostrand's Scientific Encyclopedia, Volume I, p. 1596 (John Wiley & Sons, Inc., 9th Ed., 2002), geology is partly described as the study of the planet Earth, including consideration of the chemistry of its constituent materials. These general definitions indicate that knowledge or understanding of chemical compositions and compounds is required in the scientific specialties of geology and geochemistry. Considering Dr. De Hon's *1182 educational credentials and areas of specialty, the trial court should have considered Dr. De Hon's expert opinion offered in opposition to Eaton's motion for summary judgment. Therefore, in conducting our de novo review of the summary judgment, we will consider Dr. De Hon's affidavit to determine whether there is a genuine issue of material fact for trial.
In Hicks v. Liberty Mutual Insurance Company, 165 So.2d 51 (La.App. 2d Cir.1964), this court determined that La. R.S. 23:1031.1 was never intended to exclude a disease from coverage simply because it was not listed in the statute. If shown to have resulted from contact with any of the chemicals or compounds listed in the statute, then the disease would be compensable under workers' compensation. However, the court concluded that Hicks did not show that flour contained any of the listed elements or their derivatives in sufficient quantities to have produced emphysema. Recovery was denied due to the plaintiff's failure to establish the causative link between the listed elements and the occupational disease. In the case sub judice, we are not addressing the causative link between asbestos and lung cancer; we are merely determining whether asbestos is any oxygen compound or metal compound under the statute such that diseases resulting from contact with asbestos are considered occupational diseases covered by workers' compensation.
La. R.S. 23:1031.1(A)(1) does not define the term compound nor restrict its meaning. The relevant provisions refer broadly to "oxygen, nitrogen, carbon, and their compounds" and "metals other than lead and their compounds." Dr. Ensley defined compound as "a substance containing two or more elements combined in fixed proportions." He explained that asbestos contains oxygen combined with other elements in fixed proportions and metals other than lead combined with other elements in fixed proportions. Dr. De Hon did not define compound but instead tried to differentiate an oxygen compound or metal compound from a compound containing these elements. We find no difference for purposes of statutory construction as oxygen compounds or metal compounds will certainly be compounds that contain oxygen or metal. Moreover, Dr. De Hon referred to asbestos as a compound. His explanation of the chemical composition of asbestos shows that it contains oxygen and metal ions and that these are combined in fixed proportions to create silicate minerals, a form of which is asbestos. Thus, we find that both experts' opinions show asbestos to be a compound of oxygen and of metals other than lead under the statute.
In finding that the affidavits offered in support of and in opposition to summary judgment create no genuine issue for trial and establish that asbestos is an oxygen compound and a metal other than lead compound under La. R.S. 23:1031.1, we decline to follow those cases which have determined that asbestos is not covered under the statute. See Gautreaux v. Rheem Manufacturing Co., 96-2193 (La. App. 4th Cir.12/27/96), 694 So.2d 977, writ denied, 97-0222 (La.3/14/97), 690 So.2d 39; Thomas v. Armstrong World Industries, Inc., 95-2222 (La.App. 1st Cir.6/28/96), 676 So.2d 1185, writ denied, 96-1965 (La.11/1/96), 681 So.2d 1272; Callaway v. Anco Insulation, Inc., 98-0397 (La.App. 4th Cir.3/25/98), 714 So.2d 730, writ denied, 98-1034 (La.11/19/99), 749 So.2d 666; and Johnson v. Ashland Oil, Inc., 96-0323 (La.App. 1st Cir.12/20/96), 684 So.2d 1156, writ denied, 97-0206 (La.3/14/97), 690 So.2d 37. We disagree with the conclusions of Gautreaux, and thus reject arguments raised by the plaintiffs in this matter, which would seek to limit the language of the statute while recognizing that it is *1183 broadly written. For instance, the Gautreaux court recognized that asbestos is a compound which contains oxygen but concluded that not all compounds containing oxygen could be oxygen compounds under the statute as "(s)uch a broad interpretation would render several other subsections of the former section redundant." Gautreaux, supra at 978. The Gautreaux court believed that the statute was intended to include only those compounds that primarily consist of oxygen or other listed elements. However, this reads into the statute language that is not included and ignores the causative burden that must be met to establish coverage.
In affirming the summary judgment, we follow Brunet v. Avondale Industries, Inc., 99-1354 (La.App. 5th Cir.12/5/00), 772 So.2d 974, writ not considered, XXXX-XXXX (La.3/23/01), 787 So.2d 1006; reconsid. denied, XXXX-XXXX (La.5/11/01), 792 So.2d 7. Plaintiffs herein argue that the inclusion of asbestosis as a separate covered occupational disease should preclude inclusion of asbestos as a covered substance. Plaintiffs assert that if asbestos is considered an oxygen or metal compound that the reference to asbestosis is superfluous. However, the Brunet court found that the inclusion of asbestosis actually evidenced the legislature's intention to include all occupational diseases covered by asbestos. The Brunet court reasoned:
It is well settled that the provisions of the Workers' Compensation Law must be given a liberal interpretation ... to effectuate its beneficent purpose of relieving workmen of the economic burden of work-connected injuries by diffusing the cost in the channels of commerce. Given the focus of the workers' compensation scheme, which is to cover employees who are injured in the course and scope of their employment ..., it is not logical that the legislature intended to provide coverage for only some of the workers made sick from asbestos exposure, and not others. The legislature's action in specifically listing the diseases asbestosis could be attributed to their limited knowledge of the disease processes caused by asbestos exposure (and their latency) at the time the statute was enacted (1958).
Id., at 983, citations omitted.
Our de novo review of the evidence and arguments offered in support of and in opposition to summary judgment convinces us that the trial court's ruling was correct. There is no genuine issue for trial. Because asbestos is a compound of oxygen and/or metals other than lead, it is a covered substance under the statute. Thus, any disease resulting from contact with asbestos is an occupational disease covered by workers' compensation.

CONCLUSION
For the reasons expressed, summary judgment is affirmed with costs assessed to appellants.
AFFIRMED.