LOLLEY, J.
 

 | j Corey and Matthew Bozeman, the surviving children of Jerry Bozeman, appeal the trial court’s judgment granting the City of Shreveport’s exception of no cause of action. For the following reasons, we reverse the trial court’s judgment.
 

 Facts
 

 Jerry Bozeman was employed by the City of Shreveport (the “City”) as a fireman from 1965 until he retired on December 31, 1998. On August 23, 2004, Jerry Bozeman was diagnosed with “diffuse malignant mesothelioma, desmoplastic type,” from which he died on February 11, 2005.
 

 On August 22, 2005, Corey and Matthew Bozeman filed suit alleging that their father had contracted mesothelioma as a result of his exposure to asbestos during his employment with the City as a firefighter. While employed as a firefighter with the City, Bozeman was primarily housed at Fire Station No. 8, which was built in the 1920s. The appellants take the position that the fire station was constructed from a variety of asbestos-containing products and was in a chronic state of disrepair. As a result, the appellants state that their father was constantly exposed to those asbestos products. Additionally, they contend that their father was exposed to asbestos from the asbestos-insulated fire hoses.
 

 Among several defendants, the Boze-mans named the City in its capacity as Jerry Bozeman’s employer under the theories of negligence and strict liability. Specifically, the Bozemans sought recovery from the City for wrongful death damages as well as a survival action claim. The lawsuit 12also named several manufacturers and suppliers of asbestos-containing materials in negligence and strict liability; however, those claims are not before the court on appeal.
 

 Subsequently, the City filed a motion for summary judgment, arguing that the Bozemans’ claims fell under the Louisiana Workers’ Compensation Act. The City also filed exceptions of no cause of action and lack of subject matter jurisdiction. The trial court heard argument on the City’s filings and ultimately denied the motion for summary judgment and the exception of no cause of action as it pertained to the intentional tort claims and any claim asserting executive officer liability. However, the trial court granted the City’s exception of no cause of action as it pertained to the Bozemans’ wrongful death claims and any claim for non-intentional torts. The judgment was rendered on May 21, 2007, and signed on October 8, 2007 (the “2007 judgment”).
 

 On June 18, 2009, the Bozemans filed in the trial court a motion for reconsideration of the 2007 judgment. The reasoning for the Bozemans’ motion was an opinion by the Louisiana Supreme Court in
 
 Rando v. Anco Insulations, Inc.,
 
 2008-1163, 2008-1169 (La.05/22/09), 16 So.3d 1065, that, they claimed, overruled the reasoning used supporting part of the 2007 judgment. The motion for reconsideration was denied by the trial court in November 2009.
 

 On April 12, 2010, the Bozemans filed a motion to designate the 2007 judgment as final for purposes of appeal. After a hearing on the matter, the | s2007 judgment was designated a final judgment on October 8, 2010. This appeal ensued.
 

 Discussion
 

 On appeal, the Bozemans raise three assignments of error, the first of which to be addressed is the timeliness of the appeal. As stated, the 2007 judgment granting the City’s exception of no cause of action was rendered on May 21, 2007,
 
 *171
 
 and signed on October 8, 2007. After a motion to designate this judgment final, the trial court designated it as such on October 8, 2010. The appeal was ordered on October 19, 2010, which the Bozemans argue makes it timely. They look to La. C.C.P. art. 1911 and 1915(B) in support.
 

 Louisiana C.C.P. art. 1911 states as follows: “No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B).” Louisiana C.C.P. art. 1915(B)(1) states as follows:
 

 When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
 

 In the case
 
 sub judice,
 
 the Bozemans brought claims against several parties under varying theories of law; however, this specific portion of the litigation involves only the City. As to the City, the Boze-mans had different claims against it — some in negligence and some in intentional tort. The 2007 judgment against the City regarded the Bozemans’ wrongful death claims |4and any claim for non-intentional tort, but their claims of intentional torts by the City were not included. Thus, the 2007 judgment clearly was a partial judgment, because it pertained “to one or more but less than all of the claims.” La. C.C.P. art. 1915(B)(1). As such, it was not final until designated as such on October 8, 2010, at which point it finally became ap-pealable. The Bozemans appealed the judgment on October 19, 2010, well within the delay provided in La. C.C.P. art. 2087. So considering, the Bozeman’s appeal of the judgment was timely.
 

 As to the merits of this appeal, we agree with the Bozemans that the trial court erred when it refused to revise the 2007 judgment granting the City’s exception of no cause of action. Notably, we have already determined that the 2007 judgment was not a final judgment until designated. Thus, pursuant to La. C.C.P. art. 1915(B)(2), the judgment was susceptible of being revised “at any time” and should have been as a result of the holding in
 
 Rando.
 

 When the City originally brought its exception of no cause of action in the trial court, the prevailing jurisprudence by this court on La. R.S. 23:1031.1 and the issue of workplace asbestos-related illnesses was
 
 Adams v. Asbestos Corp., Ltd.,
 
 39,952 (La. App. 2nd Cir.10/28/05), 914 So.2d 1177. In
 
 Adams,
 
 this court had previously held that mesothelioma is a compensable occupational disease under the Louisiana Workers’ Compensation Act, barring those plaintiffs from asserting tort claims because of the exclusivity provision of the pre-1975 version of the Act. However,
 
 Adams
 
 was later specifically abrogated by the Louisiana Supreme ^Court’s holding in
 
 Rando,
 
 wherein it was concluded that mesothelio-ma resulting from contact with asbestos was not a covered “occupational disease” under the pre-1975 version of the Workers’ Compensation Act so as to be subject to the exclusive remedy provision of the pre-1975 version. The Bozemans contend that
 
 Rando
 
 should be given retroactive effect regarding the trial court’s judgment declaring they had no cause of action against the City under
 
 Adams
 
 for their claim of non-intentional tort. We agree.
 

 The rule on retroactivity of judicial opinions can be found in
 
 Succession of Clivens,
 
 426 So.2d 585 at 594 (La.1982), wherein
 
 *172
 
 the Louisiana Supreme Court determined that “unless a decision specifies otherwise, it is to be given prospective and retroactive effect.” Here,
 
 Rando
 
 was silent on whether it was to be applied retroactively. Previously, in
 
 Lovell v. Lovell,
 
 378 So.2d 418 (La.1979), the court had noted the specific factors which should be considered in determining whether a decision should be given retroactive effect, determining that:
 

 (1) the decision to be applied non-retroactively [i.e., prospectively] must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.
 

 In considering the
 
 Lovell
 
 factors as to this case, we see no reason to depart firom the general rule that judicial decisions are to be applied retroactively unless otherwise specified in the decision. The principle of Ifilaw considered in
 
 Rando
 
 was not new. It addressed an issue that had been bubbling in the circuit courts of appeal for some time. As the Supreme Court pointed out, the issue had been widely considered and the circuit courts of appeal were split. It was just a matter of time before the higher court would step in and decide the issue. Thus, this was not an issue that was new to the courts and had been considered by litigants before.
 

 As relates to the second prong of the
 
 Lovell
 
 test, whether a holding of retroactive application will further or retard the purpose and effect of the rule fashioned in the judicial decision, we conclude that the retroactive application of
 
 Rando
 
 will surely further its holding, and a prospective-only application would just as surely retard it. The holding of
 
 Rando
 
 acknowledged the proper interpretation of La. R.S. 23:1031.1, and it served to allow plaintiffs an opportunity to assert tort claims and not be barred from asserting those claims because of the exclusivity provision of the pre-1975 version of the Act. The purpose and effect of that holding can only be furthered by a retroactive application of the decision.
 

 Finally, we must weigh the inequity which will result from a retroactive application of
 
 Rando.
 
 Actually, it would appear most inequitable not to apply
 
 Rando
 
 retroactively. As observed already, the 2007 judgment was not a final judgment at all, and it was susceptible to revision under La. C.C.P. art. 1915(B)(2) at any time until a final judgment as to all the claims and all the parties was rendered; thus, as to these parties, it should not have been outside the realm of possibility for it to be changed. Additionally, we note that the law had not changed;
 
 Rando
 
 merely ^instructed this court that its previous application of the law as stated in
 
 Adams
 
 was incorrect. To deprive the Bozemans of their cause of action in the trial court based on an erroneous interpretation of the law is unfair. Notably, although the record does reflect that the Bozemans may have brought an action in the Office of Worker’s Compensation (District 1W, Shreveport) (the “OWC”), other than a reference to those proceedings during oral argument, there is nothing else of record indicating that the Bozemans’ claims have been conclusively addressed by that court. In the event that the Bozemans’ claims were addressed in an OWC proceeding, that might have some bearing on the outcome of their claims
 
 *173
 
 against the City, but we have no evidence of it on the record before us.
 

 In light of the factors set forth above, we conclude that
 
 Rando
 
 should be given retroactive effect as it pertains to the facts at hand. The trial court erred in failing to revise the 2007 judgment sustaining the City’s exception of no cause of action with respect to the Bozemans’ claim for non-intentional tort, as it was rendered incorrect pursuant to the Louisiana Supreme Court’s decision in
 
 Rando.
 

 Conclusion
 

 So considering, the 2007 judgment in favor of the City of Shreveport is reversed with respect to the Bozemans’ claim for non-intentional tort, and this matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against the City of Shreveport in accordance with the provisions of La. R.S. 13:5112 in the amount of $2389.11, of which $25.00 is to be paid directly to the court of appeal.
 

 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.