FREDERICKA HOMBERG WICKER, Judge.
| sPlaintiffs appeal the trial court’s judgment granting defendants’ exception of no cause of action dismissing their wrongful death claims pursuant to the immunity extended in La. R.S. 23:1032. For the reasons discussed below, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Fernand Fortune Bougere was employed by Avondale Shipyards, Inc. (Avon-dale) from 1945 until his retirement as a welding supervisor in May of 1986. During his employment, Mr. Bougere was exposed to asbestos fibers allegedly causing him to contract mesothelioma, an asbestos-related cancer, from which he died on July 7, 2010.
On July 1, 2011, plaintiffs, Mr. Bougere’s surviving wife and children, filed suit against Kemper Insurance Group, The Travelers Indemnity Company, and Commercial Union Insurance Company[1], as Avondale’s executive officers’ insurers, asserting both survival and wrongful death claims under La. C.C. art. 2315.1 and 2315.2. In their petition, plaintiffs assert that Avondale’s negligence, directly and through its executive officers, deprived Mr. Bougere of a safe workplace and unnecessarily exposed him to asbestos, ultimately causing his death.
14Pefendants filed an exception of no cause of action[2] as to plaintiffs’ wrongful death claims, asserting that Avondale’s executive officers are granted tort immunity pursuant to the exclusivity provision of La. R.S. 23:1032.
On September 30, 2011, the trial court conducted a hearing and sustained defendants’ exception of no cause of action, dismissing plaintiffs’ wrongful death claims. Because the judgment granting defendants’ exception of no cause of action did not dispose of all claims in litigation, plaintiffs filed a motion to have the judgment designated final pursuant to La. C.C.P. art. 1915(B), which the trial court granted. This timely appeal follows.

DISCUSSION

An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Indus. Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213. The exception is triable on the face of the petition. To determine the issues raised by the exception each well-pleaded fact in the petition must be accepted as true. Badeaux v. Sw. Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1217. An exception of no cause of action should be granted only when it appears beyond *864 doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1018 (La.1998). The determination whether an exception of no cause of action is properly granted is a question of law requiring a de novo review. Indus. Companies, Inc. v. Durbin, 02-0665, p. 6 (La.1/28/08), 837 So.2d 1207, 1213.
The Louisiana Worker’s Compensation Act provides that compensation benefits are an employee’s exclusive remedy against his employer for | ¡^unintentional injuries arising out of and in the course and scope of his employment. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Prior to 1976, this tort immunity extended only to an employer. Thus, an injured worker could pursue an action in tort against an employer’s negligent executive officers and their liability insurers. Id. Further, if the injured worker died as a result of an occupational injury, “his survivors could maintain both a survival action for the decedent’s damages as well as a wrongful death action for their own damages against executive officers.” Walls v. Am. Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, 1265. However, La. R.S. 23:1032 was amended by Act 147, effective October 1, 1976, to further extend tort immunity to any “principal, officer, director, stockholder, partner, or employee of the employer[.]” Walls, 98-0455 (La.9/8/99), 740 So.2d at 1265.
Defendants assert that because plaintiffs’ wrongful death action did not accrue until Mr. Bougere’s death on July 7, 2010, the tort immunity extended to executive officers through the 1976 amendment to La. R.S. 23:1032 applies to this case and bars plaintiffs’ wrongful death claims against defendants. Plaintiffs assert that because decedent was exposed to asbestos and subject to the executive officers’ negligence prior to the 1976 amendment to La. R.S. 23:1032, the pre-1976 law should apply-
In the Walls case, the Louisiana Supreme Court addressed an issue identical to that presented in this case — whether La. R.S. 23:1032 applies to bar a wrongful death action against executive officers when the exposure and alleged negligent conduct occurred before the 1976 amendment to the worker’s compensation act but the employee’s death did not occur until years later.[3] In Walls, the decedentjem-ployee,6 Mr. Walls, worked for Land & Marine Coastal as a sandblaster from 1964 to 1970, where he was exposed to silica dust. On March 17, 1995, Mr. Walls died of silicosis; his survivors filed survival and wrongful death claims against his employer and its executive officers, asserting that Mr. Walls’ silicosis and ultimate death resulted from his occupational exposure to silica dust. One of the employer’s executive officer’s insurers filed an Exception of No Cause of Action, asserting that the 1976 amendment to La. R.S. 23:1032 extends tort immunity to executive officers and thus bars plaintiffs’ wrongful death claims. The plaintiffs in Walls argued that the 1976 amendment could only permissibly extend immunity for negligent acts committed after its effective date, October 1, 1976. Plaintiffs asserted that because the executive officers’ negligent acts occurred during Mr. Walls’ employment *865 between 1964 and 1970, the pre-1976 law applied and permitted a wrongful death action against the executive officers.
In determining which version of La. R.S. 28:1032 to apply to the plaintiffs’ claims, the Court in Walls acknowledged that the issue was complicated “by the allegation that all liability producing conduct was complete six years prior to the effective date of the amendment.” Walls, 98-0455 (La.9/8/99), 740 So.2d at 1268. However, the Court determined that the immunity extended by La. R.S. 23:1032 is an affirmative defense based upon the individual defendant’s “status,” rather than a law evaluating a defendant’s conduct. Id. at 1267. The Court considered the fact that a “wrongful death action is an independent and distinct action that arises even in the absence of a viable personal injury action by the direct tort victim and compensates the beneficiaries for their own individual injury arising out of the victim’s death.” Id. at 1270. The Court found that the plaintiffs’ cause of action for wrongful death did not arise until Mr. Walls’ death in 1995; |7therefore, the Court applied the post-amendment law, extending tort immunity to the executive officers and barring plaintiffs’ wrongful death claims against them and their liability insurers.
An action for wrongful death is authorized by La. C.C. art. 2315.2 and compensates beneficiaries for their own injuries suffered as a result of the victim’s death. The Louisiana Supreme Court has consistently recognized that an action for wrongful death does not and could not arise until the date of the victim’s death. Walls, 98-0455 (La.9/8/99), 740 So.2d at 1269-70; Taylor v. Giddens, 618 So.2d 834, 840 (La.1993); and Guidry v. Theriot, 377 So.2d 319 (La.1979).
We find that plaintiffs’ wrongful death action did not arise until July 7, 2010, the date of Mr. Bougere’s death. We further find that the post-amendment law applies, extending tort immunity to Avondale’s executive officers and barring plaintiffs’ wrongful death claims against defendants.
Plaintiffs contend that recent jurisprudential developments cast doubt on the Louisiana Supreme Court’s 1999 decision in Walls. Plaintiffs argue that the Supreme Court’s subsequent decision in Rando v. Anco Insulations, Inc., 08-1163, 08-1169 (La.5/22/09), 16 So.3d 1065, applies to allow a wrongful death action against defendants. We disagree.
In Rando, the Louisiana Supreme Court granted certiorari to resolve a split among the circuit courts of appeal as to whether mesothelioma is a covered occupational disease under the pre-amendment version of La. R.S. 23:1031.1. The plaintiff-employee in Rando filed suit in tort against his employer for damages resulting from exposure to asbestos. After considering the worker’s compensation act legislative history and interpreting the language of La. R.S. 23:1031.1, the Court found that meso-thelioma is not a covered occupational disease under the pre-amendment version of the worker’s compensation act and thus an employee is not 18barred from bringing an action in tort against his employer for injuries related to asbestos exposure occurring prior to 1976. The plaintiff-employee in Rando filed suit in tort against his employer for damages resulting from exposure to asbestos; Rando does not involve a wrongful death claim. The Louisiana Supreme Court in Rando does not discuss nor call into question its earlier decision in Walls.
Plaintiffs maintain that the Rando holding, which recognizes a cause of action in tort for mesothelioma resulting from asbestos exposure occurring prior to 1976, should also extend to a cause of action in *866 tort for wrongful death claims arising out of such exposure. Plaintiffs contend that a Second Circuit decision, Bozeman v. Union Carbide, 46,425 (La.App. 2 Cir. 6/22/11), 70 So.3d 169, expands the Supreme Court’s holding in Rando to extend to wrongful death claims. In Bozeman, the surviving children of decedent-employee, Mr. Bozeman, filed both wrongful death and survival actions for damages resulting from Mr. Bozeman’s exposure to asbestos and subsequent death from meso-thelioma. The defendant-employer filed an exception of no cause of action as to both the wrongful death and survival actions, which the trial court granted. After the Supreme Court rendered its decision in Rando — holding that an employee is not barred from bringing a tort suit against an employer for damages resulting from asbestos exposure occurring prior to 1976— plaintiffs filed a motion to reconsider the trial court’s previous judgment. The trial court denied the motion to reconsider. On appeal, the Second Circuit found that the trial court judgment granting defendants’ exception of no cause of action was a partial judgment and could thus be amended at any time. The court further found that retroactive application of the Louisiana Supreme Court’s holding in Rando was appropriate and reversed the trial court’s judgment “with respect to the Bozemans’ claim for non-intentional tort.” Bozeman, 46,425, p. 7 (La.App. 2 Cir. 6/22/11), 70 So.3d at 173.
It is unclear whether the Second Circuit in Bozeman reversed the trial court judgment only as to plaintiffs’ survival action or as to both plaintiffs’ wrongful death and survival actions. In its opinion, the Boze-man court stated a distinction between the “wrongful death” claims and the “non-intentional tort” claims asserted by the plaintiffs and specifically tailored its holding to reverse only the trial court judgment “with respect to the Bozemans’ claim for non-intentional tort[.]” However, a wrongful death claim is also a non-intentional tort claim and, thus, it is unclear whether the Second Circuit reversed the trial court judgment as to both the survival and wrongful death actions. To the extent that Bozeman reversed the trial court’s judgment with respect to the plaintiffs’ wrongful death claims, we respectfully disagree with such holding and decline to extend such holding to this case.
The Supreme Court has consistently held the survival and wrongful death actions are separate and distinct claims. The Court has stated:
[Sjurvival and wrongful death actions are separate and distinct. Guidry v. Theriot, 377 So.2d 319 (La.1979). Each right arises at a different time and addresses itself to the recovery of damages for totally different injuries and losses. Id. The survival action comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim’s death and permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. Id. It is in the nature of a succession right. Comment, Wrongful Death: Prescription? Peremption? Confusion! 39 La.L.Rev. 1239, 1249 (1979). On the other hand, the wrongful death action does not arise until the victim dies and it compensates the beneficiaries for their own injuries which they suffer from the moment of the victim’s death and thereafter.
Taylor v. Giddens, 618 So.2d 834, 840 (La.1993).
| mThe cause of action for a wrongful death claim does not arise until the date of death. Accordingly, the holding in Rando — concerning an employee’s cause of action for exposure and injury occur *867 ring before 1976 — is inapplicable in this case because plaintiffs’ cause of action for wrongful death did not arise until Mr. Bougere’s death on July 7, 1995.
We find that the Louisiana Supreme Court’s decision in Walls v. American Optical Corp., is determinative of the issue presented in this case. The trial court properly found that tort immunity extended by the 1976 amendment to La. R.S. 23:1032 applies to bar plaintiffs’ wrongful death claims against Avondale’s executive officers. The judgment of the trial court granting defendants’ exception of no cause of action as to plaintiffs’ wrongful death claims is affirmed.

AFFIRMED

. Plaintiffs also named as defendants Nor-thropp Grumman Systems Corporation (successor to Avondale Shipyards, Inc.) and Avon-dale Shipyards, Inc.

. Defendants also filed an exception of vagueness and motion to strike, which are not before this Court.

. In Walls, the Louisiana Supreme Court granted certiorari to determine "whether La. R.S. 23:1032 as amended in 1976, which extends tort immunity to executive officers, bars a wrongful death action against the executive officers and their liability insurers when the decedent's occupational exposures occurred entirely before the statute was amended, but his death from silicosis did not occur until years after the amendment’s effective date.” Walls, 98-0455 (La.9/8/99), 740 So.2d at 1264.